Nash, J. C.
 

 There is error in the Judge’s charge and there must be a
 
 veni/re de novo.
 
 The action is brought on the contract set out in the bill of exceptions. It is loosely expressed, but we gather from it that three thousand dollars was the con
 
 *331
 
 sideration to be paid for tbe lease of the Russel mine, with liberty to the defendant to repudiate the contraot, if, at the end of ninety days, he should choose to do so, to be evidenced by a retain of the lease. The breach assigned is, that the defendant did not return the lease at the end of the agreed time. On the trial below, the defendant insisted that the sum of $3000 was a penalty, and offered to prove'that the mine was of little or no value. This evidence was rejected. The correctness of the opinion of the Court rested upon the question, whether the sum mentioned was a penalty, or liquidated damages. If the latter, the testimony was properly rejected; if the former, there was error. Upon this question, -the case of
 
 Thoroughgood
 
 v.
 
 Walker,
 
 3 Jones’ Rep. 15, is decisive. The doctrine is elaborately examined by the Court, in their opinion. They say, in the case of an agreement to do, or to refrain from doing, any particular act, secured by a penalty, the penalty is in no sense, the measure of compensation, and the plaintiff must show the particular injury of which he complains, and have his damages assessed by the jury,’’
 

 They further go on to say, that even in contracts where the parties in their agreement term the damages
 
 “
 
 liquidated damages,” the sum mentioned, to do justice between the parties, may be considered a penalty. Their language is,
 
 “
 
 that where the contract is such that the strict construction of the phraseology would work an absurdity or oppression, the use of the term stipulated damages’ will not prevent the Courts from enquiring into the actual injury sustained, and doing justice between the parties.” Several cases are cited to sustain this position. "Whether, therefore, the words liquidated damages are used in the contract or not, if its strict construction is absurd or lead to oppression, the Courts will consider the sum mentioned a penalty, and not liquidated damages. This doctrine is sustained by Sedgewick, on damages, 399. Ilis language is, the Courts, especially in this country, have generally shown a marked desire to lean towards the construction which excludes the idea of liquidated damages, and permit the party to recover only the damages which he has actually
 
 *332
 
 sustained. The language of the contract is not controlling. If the word penalty is used, it will never be construed as a sum absolutely fixed; but the reverse is by no means the case, and the phrase “ liquidated damages,” has been often made to read “penalty.” To consider the sum mentioned in the contract as liquidated damages, would be absurd and oppressive on the defendant. IV e hold, therefore, that it is a penalty ; the injury to be compensated to the plaintiff by the jury, in damages equivalent to the injury actually sustained. His Honor, therefore, erred in refusing the evidence tendered by the defendant.
 

 In this enquiry, it is not material to ascertain whether the evidence offered would have proved that for which it was offered. Being rejected, it is to be considered now, as if the mine was of little or no value. To give the construction to the contract that is contended for on behalf of the plaintiff, would lead to the absurdity of making the defendant pay $3000 for not returning the paper on which the lease is written ; and it would be oppressive in the extreme.
 

 His Honor also erred in giving the plaintiff interest on the sum mentioned in the contract. See
 
 Devereux
 
 v. Burgwyn, 11 Ire. 490, where the principle governing interest is discussed.
 

 Pee Curiam.
 

 Judgment reversed and
 
 venire de novo.