[S. F. No. 6507. In Bank.—October 15, 1913.]

I. W. POWELL, Respondent, v. THOMAS R. PETCH, as Administrator with the Will Annexed of the Estate of Robert B. Powell, Deceased, Appellant.

STATUTE OF LIMITATIONS—WRITTEN ACKNOWLEDGMENT—REMOVAL OF BAR OF STATUTE.—The written acknowledgment of a debt, within the contemplation of section 360 of the Code of Civil Procedure, sufficient to take the case out of the operation of the statute of limitations, must be a distinct, unqualified, unconditional recognition of an obligation for which the person making such admission is liable.

ID.—INSUFFICIENT ACKNOWLEDGMENT—LETTER FROM DEBTOR TO CREDITOR.—A letter written by a debtor to his creditor, after the bar

of the statute had attached, containing the following passage: "What is the *status* of my indebtedness to you regarding the lot you bought? The money that I advanced N. was intended to offset it, but let me know the condition," is not a sufficient acknowledgment to take the indebtedness out of the statute of limitations.

ID.—CALLING BARRED OBLIGATION AN INDEBTEDNESS.—Calling the obligation an "indebtedness" was not sufficient to amount to a waiver of any limitation given by the statute as a bar to recovery. If an obligation has not been paid it is still an indebtedness whether barred by the statute or not.

APPEAL from a judgment of the Superior Court of Humboldt County. Clifton H. Connick, Judge.

The facts are stated in the opinion of the court.

Selvage & Cutten, and Charles P. Cutten, for Appellant.

Coonan & Kehoe, for Respondent.

MELVIN, J.—The plaintiff, I. W. Powell, was a brother of defendant's decedent. In 1890 the former entered into negotiations to purchase certain real property in the state of Washington and sold to his brother a half interest in said property, taking as part payment of the consideration therefor Robert B. Powell's note for one thousand five hundred dollars. On December 10, 1892, this note was replaced by another for the principal sum of one thousand five hundred and sixty dollars, the sixty dollars representing interest due on the note of earlier date. Thereafter R. B. Powell paid but one installment of taxes. After that his brother paid all of the taxes for five or six years and then ceased to make such payments. The property was sold for taxes in 1901 or 1902. In April, 1908, Robert B. Powell, who resided in Eureka, California, wrote to plaintiff, who lived in Victoria, British Columbia. The letter, which was duly received, contained, among other things, the following passage: "What is the *status* of my indebtedness to you regarding the lot you bought? The money that I advanced Nonie was intended to offset it, but let me know the condition." The "Nonie" mentioned was a daughter of plaintiff, to whom admittedly her uncle had given certain sums of money. After the death of Robert B. Powell, plaintiff brought this action to recover the

principal and interest alleged to be due on the note, and also the sum of forty-four dollars claimed as advances made in behalf of Robert B. Powell by plaintiff for the payment of taxes on the property. Defendant demurred, setting up the bar of the statute of limitations, subdivision 1, section 337; subdivision 1, section 339, and section 1499 of the Code of Civil Procedure. The demurrer was overruled and the same statutes were pleaded in the answer. The judgment was in favor of plaintiff. From it the defendant appeals.

The sole question presented by this appeal relates to the passage from Robert B. Powell's letter which we have quoted above. Did the words there used amount to such a promise as gave a new cause of action on the outlawed promissory note? Section 360 of the Code of Civil Procedure is as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

The acknowledgment of a debt in contemplation of this statute must be a distinct, unqualified, unconditional recognition of an obligation for which the person making such admission is liable. (*McCormick* v. *Brown,* 36 Cal. 185, [95 Am. Dec. 170] ; *Biddel* v. *Brizzolara,* 56 Cal. 382; *Pierce* v. *Merrill,* 128 Cal. 476, [79 Am. St. Rep. 63, 61 Pac. 67].)   The letter written by Robert B. Powell to his brother falls far short of containing an admission or a new contract which would take the indebtedness out of the statute of limitations. It was written after the bar of the statute had attached, and must be viewed in the light of that fact, for there is a great difference to be put upon the construction of a letter written before and one prepared after the running of the statute. (*Southern Pacific Co.* v. *Prosser,* 122 Cal. 415, [52 Pac. 836, 55 Pac. 145].) Respondent thinks that the use of the words "my indebtedness" is a sufficient acknowledgment of the then present existence of the debt to raise an implied new promise to pay.  But calling the obligation an "indebtedness" was not suff·ient to amount to a waiver of any limitation given by statute as a bar to recovery.   If an obligation has not been paid it is still an *indebtedness* whether barred by the statute or not.   Statutes of this sort are statutes of repose.   They do not extinguish the debt but only bar the remedy.   (*McCormick* v. *Brown,* 36 Cal.

185, [95 Am. Dec. 170].)   Consequently one who has the right to avail himself of the benefit of such a law makes no new contract nor any acknowledgment from which the law implies a new contract when he writes of his "indebtedness."

In *Bullion & Exchange Bank* v. *Hegler*, 93 Fed. 890, section 360 of our Code of Civil Procedure was under review.   Two letters were relied upon to take a note out of the statute of limitations.   The first of these letters, addressed to the cashier of the plaintiff, contained the following language: "Have neglected answering your letter calling my attention to note and interest due for the reason that I expected to see Mr. Williams and talk with him about it.   But have not seen him.   Beg to say that I cannot pay the note or interest time, nor until I can turn some realty or other property into cash, which seems impossible to do at present."   In the other letter, written to the attorney for the banking corporation, was this passage: "Referring to the notes, I don't see any chance for me to pay anything on them just now, nor for certain until I can sell some realty.   When I can do this, I can pay you at least a part."   Judge Morrow, in commenting upon these letters and their force, said: "There is an acknowledgment in both of these letters that the defendant is indebted to the plaintiff; but in neither case is it an acknowledgment from which a promise to pay the debt can be inferred.   In other words, it is not an unqualified acknowledgment, since it is accompanied with the condition that he cannot pay, or he does not see any chance to pay, unless he can turn some realty or other property into cash; and there is no evidence that this condition has been reached."

Held by its four corners, the paragraph quoted from the letter of Robert B. Powell to his brother may be and should be construed as a mere inquiry whether the latter claimed any balance due.   The writer evidently believed that he had paid the debt in part at least, and the words "let me know the condition" by no means imply a promise to pay if it should transpire that his advances to his niece had been less than the amount of the note and interest.   The whole tenor of this part of the letter was that the writer wanted information.   An answer to his question might have revealed a balance against him on a fully liquidated account.   To be effectual an agreement to pay a stale claim must recognize a specific debt and

there must be a distinct promise to settle it. (*Burrage* v. *Crump*, 48 N. C. 331.)   Surely no promise to pay a definite debt may be implied from the language of the letter.

The court should have sustained the plea of the statute of limitations.

The judgment is reversed.

Lorigan, J., Shaw, J., Sloss, J., Angellotti, J., and Henshaw, J., concurred.