[Civ. No. 2350.   Second Appellate District, Division One.—February 5, 1919.]

## EMMA SNYDER, Appellant, v. JOSEPH DEDERICHS, Respondent.

STATUTE OF LIMITATIONS — ACKNOWLEDGMENT TO TOLL STATUTE.—The written acknowledgment of a debt, within the contemplation of section 360 of the Code of Civil Procedure, sufficient to take a case out of the operation of the statute of limitations, must be a distinct, unqualified, unconditional recognition of the obligation for which the person making such admission is liable.

ID.—INSUFFICIENT ACKNOWLEDGMENT.—A letter acknowledging the existence of a debt and stating the writer's inability to pay but promising that the writer will pay a certain amount on account, if successful in collecting a sum which had been promised the writer, is not sufficient as a renewal of the outlawed original promise.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

M. E. Wilson and J. H. Ryckman for Appellant.

Ingall W. Bull for Respondent.

SHAW, J.—The complaint set forth a cause of action based upon an indebtedness which it is alleged defendant, after the statute of limitations had run against the same, in writing acknowledged and promised to pay, thus taking the case out of the operation of the statute.

Upon such issue the court found adversely to plaintiff and gave judgment for defendant, from which the former, claiming such finding is not supported by the evidence, appeals.

Section 360 of the Code of Civil Procedure provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." Since recovery upon the original promise to pay by defendant was concededly barred, it devolved upon plaintiff to establish facts bringing the case within the operation of the statute quoted.

To do this, plaintiff offered in evidence a letter addressed by her to defendant, wherein she referred to a loan of $750 made several years before to defendant by her husband, who advised her, she said, that if defendant was able to meet the obligation, she could use the money for her living expenses, and wherein she said: "I am very badly in need of funds, and trust you will make an effort to pay at least part of the amount." In reply to this letter defendant wrote plaintiff: "Your letter received in regard to the money I did get from Willard. . . . Still if I would make money, and see my way through, I would send you some money, and I will the first chance that I make something I will help you. . . . I loaned a party some money which he promised sure by next month I would get $300 of it. Should I succeed in this I will send you sure $150 or $200 of this. At the present time I cannot do anything on account I have not it. I know, Mrs. Snyder, the disposition how you feel, and I hope Willard makes some money soon. He has been working hard always the same as I and you know if I got it I would help you, but it is impossible to do so at the present time." The case of *Powell* v. *Petch,* 166 Cal. 329, [136 Pac. 55], wherein a number of authorities are cited, is authority for the statement that the written acknowledgment of a debt, within the contemplation of section 360 of the Code of Civil Procedure, sufficient to take the case out of the operation of the statute of limitations, must be a distinct, unqualified, unconditional recognition of the obligation for which the person making such admission is liable. Tested by this rule, it is clear that there is nothing contained in the letter which can be construed as an unconditional promise on the part of defendant to pay the outlawed debt. While it is true the writer refers to money which he got from plaintiff's husband, there is no unconditional promise to pay the same. On the contrary, he says it is impossible to pay at the present time, but if he succeeds in collecting money promised him, he will send her $150 or two hundred dollars. The case is very similar to that of *Van Buskirk* v. *Kuhns,* 164 Cal. 472, [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587], where the promise was to pay when able to do so. It does not appear that any of the conditions upon which defendant promised to pay, if his language can be construed as a promise, ever happened. Plaintiff's right of action must be measured by the promise made, and, since it is not alleged

nor shown that the condition upon which the promise was made was fulfilled, it cannot be claimed that such promise extended the time to sue upon the original obligation. At most, it was a substituted conditional promise and not a renewal of the outlawed original promise upon which the obligation was based. (See *Curtis* v. *City of Sacramento*, 70 Cal. 412, [11 Pac. 748]; *Rodgers* v. *Byers*, 127 Cal. 528, [60 Pac. 42].)

Appellant has cited a number of authorities from other states, some of which appear to be inconsistent with the views expressed. However that may be, we feel compelled to follow the decisions of the supreme court of this state touching like questions.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.