[Civ. No. 2826. First Appellate District, Division One.—March 12, 1919.]

KATE I. NIXON, Appellant, v. ELSIE H. RAMSEY, Executrix, etc., Respondent.

[1] STATUTE OF LIMITATIONS — SUFFICIENCY OF ACKNOWLEDGMENT OF DEBT.—An acknowledgment of a debt sufficient to take the case out of the operation of the statute of limitations must be a distinct, unqualified, unconditional recognition of the obligation for which the person making such admission is liable.

[2] ID.—PAYMENT OF OUTLAWED PROMISSORY NOTES — INSUFFICIENT ACKNOWLEDGMENT.—A written indorsement on a letter demanding payment of certain outlawed promissory notes that "It is impossible right at the Present time—For me to Pay any Part of the above amount—I Hope to be able Some time Soon to hole thing up—I am not making any Promises—I hope to be able to Pay the hole thing up *Some day*," is not an acknowledgment of the debt, within the contemplation of section 360 of the Code of Civil Procedure, sufficient to take the case out of the operation of the statute of limitations.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ira S. Lillick for Appellant.

Preston & Preston for Respondent.

WASTE, P. J.—This is an appeal by plaintiff from a judgment made and entered after demurrer to the complaint sustained without leave to amend.

. The action was brought by the plaintiff to recover judgment against defendant, as executrix of the last will and testament of H. Ramsey, deceased, on three promissory notes made, executed, and delivered by said H. Ramsey, during his lifetime, to the First National Bank of Winnemucca, Nevada, and by said bank indorsed, signed, and delivered to the plaintiff herein.

The notes were dated respectively November 20, 1909, December 31, 1909, and July 10, 1912, and, being executed out

of the state of California, were barred by the statute of limitations when the complaint was filed, September 6, 1916. (Sec. 339, Code of Civil Procedure, subd. 1, as said section provided prior to the amendment of 1917, [Stats. 1917, p. 299].)

On or about the tenth day of December, 1914, plaintiff, by and through her duly authorized agent, one M. D. Fairchild, demanded of said H. Ramsey payment of said notes. The demand was in writing and was as follows:

"The Nixon National Bank.

"Reno, Nevada, Dec. 10, 1914.

"Mr. H. Ramsey,

"Piedmont, Cal.

"Dear Sir:

"In handling various matters of the estate of Geo. S. Nixon, deceased, I find that there are three notes signed by you, as follows:

"December 31, 1909, $10,400.00, November 20, 1909, $825.00 and July 10, 1912, for $2,250.00, making a total of $13,475.00 principal with considerable unpaid interest. As the affairs of the estate are about ready for a final distribution, it has occurred to me that perhaps we can come to some arrangement, whereby it will be of mutual benefit to all concerned, relative to the settlement of these notes.

"I would be very glad to hear from you at an early date and oblige.

"Yours, truly,

"M. D. FAIRCHILD."

Thereafter, and on the fourteenth day of January, 1915, the said H. Ramsey, in writing, and upon the face of the aforesaid written demand, and below it, subscribed, signed, and delivered to plaintiff herein, by and through said M. D. Fairchild, the said agent of said plaintiff, an acknowledgment of said promissory note, which said acknowledgment was in the following words and figures, viz.:

"Jan. 14th, 1915.

"It is impossible right at the Present time—For me to Pay any Part of the above amount—I hope to be able Some time Soon to hole thing up—I am not making any Promises—I hope to be able to Pay the hole thing up *Some day*)

"H. RAMSEY."

The sole question presented on this appeal is: Is the document pleaded by the plaintiff an acknowledgment of a debt within the contemplation of section 360 of the Code of Civil Procedure, sufficient to take the case out of the operation of the statute of limitations?

Under the well-established rule in this state we are of the opinion that it is not.   [1]   An acknowledgment sufficient to take the case out of the operation of the statute must be a distinct, unqualified, unconditional recognition of the obligation for which the person making such admission is liable. (*Snyder* v. *Dederichs,* 39 Cal. App. 628, [179 Pac. 535]; *Powell* v. *Petch,* 166 Cal. 329, [136 Pac. 55], and the cases cited.)

The writing indorsed by Ramsey on the letter to Fairchild, the agent, falls far short of containing an admission of a new contract which would take the indebtedness out of the statute of limitations.   It was written after the bar of the statute had attached and must be viewed in the light of that fact. (*Southern Pacific Co.* v. *Prosser,* 122 Cal. 415, [52 Pac. 836, 55 Pac. 145].)   [2]   Tested by the rule announced in the cases above cited and many others in this state, it is clear that there is nothing contained in the letter from Ramsey to Fairchild which can be construed as an unconditional promise on the part of Ramsey to pay the outlawed debt.   (*Snyder* v. *Dederichs, supra.*)   The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.