[Civ. No. 3396.  First Appellate District, Division One.—August 27, 1920.]

## THE TEXTILE NATIONAL BANK (a National Banking Association), Respondent, v. V. O. LAWRENCE, Appellant.

[1] STATUTE OF LIMITATIONS—LETTER FROM DEBTOR TO CREDITOR—INSUFFICIENT ACKNOWLEDGMENT OF OBLIGATION.—A letter written by a debtor to his creditor, after the bar of the statute of limitations has attached, stating, "I want to pay you one hundred cents on the dollar . . . I am perfectly willing to make a monthly payment of $25 now and can do so. . . . If you and your associates can see your way clear to accept a monthly payment at this time, you can depend upon it that my account. will be eventually balanced without a penny loss," does not constitute such a distinct, unqualified, and unconditional recognition of the obligation of the debtor as to take the same out of the bar of the statute of limitations.

APPEAL from a judgment of the Superior Court of Alameda County.  J. J. Jerome, Judge Presiding.  Reversed.

The facts are stated in the opinion of the court.

Chas. C. Boynton for Appellant.

Robert S. Norman for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought to recover upon two certain promissory notes executed by the defendant in the year 1909 in the state of Pennsylvania. The complaint

---

1. Sufficiency of acknowledgment of debt to remove bar of statute of limitations, notes, 8 Am. Dec. 162; 23 Am. Dec. 588; 38 Am. St. Rep. 422; Ann. Cas. 1914B, 223.

in two counts sets forth these two obligations, one in each count, and prays judgment for the aggregate sum alleged to be due thereon. The complaint as to each of these obligations also alleges that at various dates between the 30th of December, 1913, and the 15th of May, 1916, the defendant acknowledged his said indebtedness in writing and promised to pay the same. The answer of the defendant denies his indebtedness upon each of those obligations, and denies his acknowledgment and agreement to pay the same as set forth in said complaint, and further pleads that both causes of action are barred by various provisions of the Code of Civil Procedure relating to the statute of limitations. Upon the trial of the cause the court gave judgment in the plaintiff's favor upon the first count in his complaint, and in the defendant's favor upon the second count thereof. The defendant appeals from the judgment rendered against him upon said first count.

The evidence presented on the trial of the cause showed that the defendant had removed to the state of California in the month of June, 1912, and thereafter and up to the time of the institution of said action resided therein, and that his several letters, six in all, with relation to these obligations were dated and written respectively on December 30, 1913, January 24, 1914, June 2, 1914, November 21, 1914, January 4, 1915, and May 15, 1916, while the defendant was so residing in the state of California. The sole question involved in the case upon this appeal is as to whether the defendant has by these letters or any of them sufficiently acknowledged his indebtedness to the said plaintiff upon the obligation set forth in the first count of its complaint as to take the same out of the bar of the statute of limitations.

As to the first five of these letters it is not necessary to set forth herein their contents in full, for the reason that in our opinion they do contain a sufficient acknowledgment of the existence of said obligation to keep alive the original obligation during the period between the date of the first of said letters and a date two years after the last of said five letters so written. This action was, therefore, properly brought upon the original obligation, and had the same been instituted at any time during the above period it would not have been subject to the bar of the statute of limitations.

The date of the commencement of this action, however, was April 6, 1917, which, as will be seen, was more than two years after the date when the last of the five letters above referred to was written; and it follows, therefore, that while the plaintiff may have been entitled to rely upon this series of acknowledgments for its right to bring this action upon the original obligation, it was not entitled to rely upon them for its right to maintain this action against the bar of the statute of limitations, for the reason that subdivision 1 of section 339 of the Code of Civil Procedure, as it read at the time of the institution of this action, required that actions founded upon instruments in writing executed out of the state of California must be brought within two years after the right of action accrued in this state. [1] This being so, the plaintiff's sole reliance for its right to maintain this action and to sustain the judgment rendered in its favor therein must depend upon the construction to be placed upon the sixth letter written by the defendant to the plaintiff on May 15, 1916. This letter reads in full as follows:

"Mr. H. Brockelhurst,
    "c/o Textile National Bank,
        "Philadelphia.
"Dear Sir:

"I fully realize your position, but also know my own. I agreed to pay the Jones note at the rate of $25 a month, and did so until I received a peremptory demand from Mr. Darling to pay the collateral loan, advised that if not paid the bonds would be sold and you would immediately proceed against me for the difference.

"I want to pay you one hundred cents on the dollar, unless you destroy my ability to make the hundred cents, and a suit for either item would cause just as much damage as for both of them. I am perfectly willing to make a monthly payment of $25 now, and can do so. My prospects are getting better all the time, and my business has been developed by me from nothing to the point where it may interest outside capital. There is a project now to form a Bush terminal here, if so, my present plant is the natural nucleus. In any event, if you and your associates can see your way clear to accept a monthly payment at this time, you can depend upon it that my account will be eventually

balanced without a penny of loss.  I do not want any law-
suit at any time, as it can do only harm and cannot hasten
matters.

"I am going to be in Cincinnati as a .delegate in July,
and expect to be in Philadelphia for a few days.  I will be
glad then to state to you frankly how I am situated.

"Yours truly,<br>"V. C. Lawrence."

It is the respondent's contention herein that the foregoing
letter contains a sufficient acknowledgment of the obligation
sued upon in the first count of its complaint to take the
case out of the statute of limitations.  We are unable to give
our assent to its contention, since we cannot find in the
terms of this letter any such unequivocal acknowledgment
of said obligation or unconditional promise to pay the same
as would suffice to keep alive said obligation beyond the
time when it was otherwise barred by the provisions of sec-
tion 339 (subdivision 1) of the Code of Civil Procedure.

The case of *Rodgers* v. *Byers,* 127 Cal. 531, [60 Pac. 43],
would seem to be squarely in point sustaining this view.  In
that case the court held that such promises contained in a
defendant's letters as "I will liquidate that note as soon
as I get the money," and "I wish it was in my power to
send you money at this time, but it is not.  Will send you
some as soon as I can get it.  I hope to get money soon.
Will sell cattle at the first good offer," and "I have no
intention of not paying the note and will as soon as I can
but cannot now," do not constitute absolute and uncondi-
tional promises to pay.  In reference to these the court says:
"In none of these letters is there an absolute and uncondi-
tional promise to pay.  The promise in each case is made
conditional upon the promisor's financial ability."

In the case of *Snyder* v. *Dederichs,* 39 Cal. App. 628, [179
Pac. 535], the defendant's purported acknowledgment was in
the following terms: "Your letter received in regard to the
money I did get from Willard . . . If I would make money
and see my way through I would send you some money, and
I will the first chance that I make something I will help
you. . . . I loaned a party some money which he promised
sure by next month I would get $300 of.  Should I succeed
in this I will send you sure $150 or $200.  At the present
time I cannot do anything.  I can not.  I have not it. . . .

You know if I could do I would help you but it is impossible to do so at the present time." In commenting upon the foregoing language, the court holds that it contains no such distinct, unqualified, and unconditional recognition of the obligation as would be sufficient to satisfy the provisions of section 360 of the Code of Civil Procedure.

In the case of *Nixon* v. *Ramsey*, 40 Cal. App. 240, [180 Pac. 649], the acknowledgment relied upon was in the following terms: "It is impossible right at the present time to pay any part of the above amount. I hope to be able some time soon to hole thing up—I am not making any promises. I hope to be able to pay the whole thing up some day." This, the court held, was not a sufficient acknowledgment to take the case out of the terms of the statute.

Each of the two last cited cases referred to the case of *Powell* v. *Petch*, 166 Cal. 329, [136 Pac. 55], as authority for the conclusion arrived at. In that case the defendant wrote: "What is the status of my indebtedness to you regarding the lot you bought?" The supreme court held that the use of the term "my indebtedness" was not a sufficient acknowledgment to avoid the bar of the statute, and in so doing referred to the case of *Bullion etc. Bank* v. *Hegler*, 93 Fed. 890, in which case section 360 of the Code of Civil Procedure of this state was under review, and in reference to which two letters of a defendant were relied upon to take his note out of the statute of limitations. In the first of these letters the defendant, after referring to his notes, said: "Beg to say that I cannot pay the notes or interest until I can turn some realty or other property into cash, which seems impossible to do at present"; and in the second of his letters wrote: "Referring to the notes I do not see any chance for me to pay anything on them just now nor for certain until I can sell some realty. When I can do this I can pay you at least a part." In commenting upon these letters Judge Morrow said: "There is an acknowledgment in both of these letters that the defendant is indebted to the plaintiff, but in neither case is it an acknowledgment from which a promise to pay the debt can be inferred. In other words, it is not an unqualified acknowledgment, since it is accompanied by the condition that he cannot pay, or that he does not see any chance to pay unless he can turn some realty or other property into cash."

It seems clear to us that the promise of the defendant in the case at bar as contained in his letter of May 15, 1916, cannot be held to be such a distinct, unqualified, and unconditional recognition of the obligation set forth in the first count of the plaintiff's complaint as to take the same out of the bar of the statute of limitations, and, hence, that the judgment of the trial court so holding must be held to have been erroneous. It follows that the judgment must be reversed, and it is so ordered.

Waste, P. J., and Welch, J., *pro tem.,* concurred.