## APPEAL OF KATE I. NIXON.

Docket No. 1186.   Submitted June 24, 1925.   Decided September 8, 1925.

*R. W. Kearney, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The taxpayer appeals from a determination of deficiencies in income tax in the amounts of $722.76 and $2,618.78 for the calendar

years 1919 and 1920, respectively. The deficiency for 1919 results from the disallowance by the Commissioner of a claimed bad debt in the amount of $6,737.50. The deficiency for 1920 is the result of the addition by the Commissioner of $16,700 to the reported profit on the sale of real estate.

Counsel stipulated that the facts in the case as determined by the Solicitor of Internal Revenue and set forth in Recommendation No. F 1515 may be found as facts by the Board, with the exception as to the March 1, 1913, value of the notes for which a deduction was claimed in the return filed for 1919.

### FINDINGS OF FACT.

1. The taxpayer is an individual residing at Hollywood, Calif.

2. In 1919 the taxpayer had a one-half interest in three promissory notes executed by one H. Ramsey, in favor of the First National Bank at Winnemucca, Nev., as follows:

| | |
|---|---|
| December 31, 1909 | $10,400.00 |
| November 20, 1909 | 825.00 |
| July 10, 1912 | 2,250.00 |
| Total | 13,475.00 |
| Taxpayer's interest | 6,737.50 |

These notes were acquired prior to March 1, 1913. In the appraisal of the estate of the taxpayer's husband, George S. Nixon, following his death in 1912, no value was placed on the notes. On December 10, 1914, the taxpayer through her attorney made written demand on Ramsey for payment of the notes and accrued interest, to which Ramsey, on January 14, 1915, replied, in substance, that he was unable at that time to pay any part of the amount due but hoped to be able at some time to pay the entire amount. As of February 16, 1915, there was entered on the books of the taxpayer her equity in the notes, in the amount of $6,737.50, as a charge against Ramsey.

3. Ramsey died in 1915 and his widow as executrix of his estate disallowed the taxpayer's claims in June, 1916. The taxpayer, relying on Ramsey's letter of January 14, 1915, as being a sufficient acknowledgment of debt to take the case out of the operation of the statute of limitations, on September 6, 1916, brought suit in the Superior Court of Mendocino County of California against the executrix alleging the unlawful transfer of assets during Ramsey's lifetime with the intent of defrauding creditors. The court found that there was nothing in Ramsey's letter that could be construed as an unconditional promise on the part of Ramsey to pay the outlawed debts and as suit was instituted after all the notes were outlawed, held for the defendant. An appeal was taken to the District Court of Appeal, First Appellate District of California, which affirmed

the lower court's decision under date of March 12, 1919. *Nixon* v. *Ramsey*, 180 Pac. 649. The taxpayer thereupon under date of August 31, 1919, charged to profit and loss her equity of $6,737.50 and claimed the amount as a bad debt deduction in her 1919 return.

4. The taxpayer acquired a one-half interest in lots 1 and 2, block W, Reno, Nev., as her share of the community property belonging to her and her deceased husband, George S. Nixon, at the date of his death in June, 1912. In the probate proceedings in the settlement of the estate of George S. Nixon the appraised value of the lots was recorded as $36,800. The taxpayer recorded her one-half interest in the lots on her books at $18,400, based upon the appraisal of her husband's estate. This appraisal was based on the value at which the lots were assessed in 1913 by the county assessor of Washoe County, Nev. At that time business property in Reno was assessed by the county assessor at 50 per cent of actual value.

5. In 1920 the taxpayer sold her one-half interest in the Reno lots at a price not disclosed by the record, upon which she reported a profit of $2,208.24. This profit was based on a valuation of her one-half interest at $35,100 as of March 1, 1913. The Commissioner determined a profit of $18,908.24 by taking as the March 1, 1913, value the figure at which the taxpayer's interest was appraised in 1912 in the probate proceedings.

6. The fair market value of the taxpayer's one-half interest in the Reno lots as of March 1, 1913, was $35,100.

#### DECISION.

The deficiencies determined by the Commissioner are disallowed.

ARUNDELL not participating.