[Civ. No. 4547. Second Appellate District, Division One.—February 5, 1927.]

## JERRY HAYES, Appellant, v. JOHN O'MARR, Respondent.

[1] STATUTE OF LIMITATIONS — NEW PROMISE AFTER BAR — RIGHT OF ACTION.—When a new promise or acknowledgment of indebtedness is made after the bar of the statute of limitations, the new promise creates a new obligation, and is itself the basis of an action.

[2] ID.—CONDITIONAL PROMISE TO PAY — PLEADING — PROOF. — Where the new promise to pay a note, action on which is barred by the statute of limitations, is conditioned upon the sale of certain property, in an action based upon such new promise the plaintiff must plead and prove that said property was sold.

[3] ID.—FORM OF ACKNOWLEDGMENT—QUALIFIED PROMISE.—While section 360 of the Code of Civil Procedure does not prescribe any form in which an acknowledgment or promise sufficient to lift the bar of the statute of limitations shall be made, and it is sufficient if it shows the writer treats the indebtedness as subsisting and one which the debtor is liable and willing to pay, the law cannot imply an unconditional promise where the promise is clearly qualified by a statement relating to facts which are to exist before the promise will become direct and positive.

---

(1) 37 C. J., p. 760, n. 76.   (2) 37 C. J., p. 1140, n. 37, p. 1240, n. 43.   (3) 37 C. J., p. 1108, n. 53, p. 1119, n. 75.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

---

2. See 17 R. C. L. 902; 16 Cal. Jur. 587.

The facts are stated in the opinion of the court.

Treadwell, Tompkins & Clark for Appellant.

W. C. Wilde for Respondent.

YORK, J.—The only point involved on this appeal is as to whether the action was barred by the statute of limitations.

The appeal, which comes here on the judgment-roll alone, is from a judgment in favor of defendant. The action is based upon an alleged breach of contract to pay money. It appears that the defendant and his wife, Kate O'Marr, executed a promissory note in favor of plaintiff on July 1, 1913, for $1,000, payable in one year from date. Interest was paid up to December 1, 1921. It does not appear in what manner interest was paid until the last payment was made, which was on December 8, 1921. This payment, it may be assumed, was made by check, signed by the defendant, since the letter written and signed by defendant at that time says: "you will find hear inclosed my check for interest."

The cause of action on said note was barred four years after July 2, 1914. **[1]** It is settled that when the new promise or acknowledgment of indebtedness is made after the bar of the statute, the new promise creates a new obligation, and is itself the basis of the action. (*Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40].) This action must, therefore, be considered as based upon a new contract. **[2]** The check, which is assumed to have been signed by the defendant, was accompanied by the statement that defendant could not pay the note then. The letter, as set out in the findings, said:

"San Diego, Calif., Dec. 8, 1921.

"Mr. Jerry Hayes

"Dear Sir,

"I reseaved a letter from Mr. Frank T. Hook asking me to pay note $1000.00 and Interest $64.17. I cant pay note now untill I sell som property. I havnt sold the hous I bilt last winter when you was hear. I am in hopes to sell befor

spring you will find hear inclosed my check for interest hope it will be sadisfactory.

> "Yours Very truly,
> "(Signed) JOHN O'MARR."

There is no claim by plaintiff that defendant ever sold the property. Where such a promise is made, there must be pleading and proof that the condition has come into being, on which the promise was made. **[3]** (*Van Buskirk* v. *Kuhns,* 164 Cal. 472, 475, 476 [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587]; *Snyder* v. *Dederichs,* 39 Cal. App. 628 [179 Pac. 535].) In the case of *Clumin* v. *First Federal Trust Co.,* 189 Cal., at page 253 [207 Pac. 1011], it was said: "It is clear from all these decisions that no writing is sufficient as an acknowledgment under section 360, unless it contains some reference to a debt, which, either of itself or with the aid of permissible evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent which the debtor is liable to pay and willing to pay." Also, see *Searles* v. *Gonzales,* 191 Cal., at page 430 [28 A. L. R. 78, 216 Pac. 1004], where the court said: "It is well established that a code section does not prescribe any form in which an acknowledgment or promise sufficient to lift the ban of the statute of limitations shall be made. It is sufficient if it shows the writer treats the indebtedness as subsisting and one which the debtor is liable and willing to pay. From this acknowledgment the law implies the promise to pay." But the law cannot imply an unqualified promise where the promise is clearly qualified by a statement relating to facts which are to exist before the promise will become direct and positive.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.