[Sac. No. 284.   In Bank.—November 25, 1898.]

SOUTHERN PACIFIC COMPANY, Appellant, v. W. S. PROSSER, Respondent.

STATUTE OF LIMITATIONS—WRITTEN ACKNOWLEDGMENT—REQUEST TO PAY IN WORK.—A letter written by a debtor to his creditor, after the maturity of the debt and before it is barred by the statute of limitations, in which he refers to the indebtedness, expresses a desire to pay it, and requests the creditor to give him employment so that he might make payment in work, has the effect under section 360 of the Code of Civil Procedure, to interrupt the running of the statute.

ID.—EXTENSION BEFORE BAR OF STATUTE—PRINCIPAL OBLIGATION—CONTINUANCE OF LIEN.—A written acknowledgment of an indebtedness made after its maturity, but before it is barred by the statute

of limitations, establishes a mere continuation of the original contract, and an action brought thereon after the expiration of the original period of limitation is based upon the principal obligation, and not upon a new contract. Such an acknowledgment, *under section 2911 of the Civil Code, operates to extend the time of a mortgage by which the principal obligation was originally secured.*

APPEAL from a judgment of the Superior Court of Placer County. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

John M. Fulweiler, Foshay Walker, and Wm. F. Herrin, for Appellant.

W. S. Prosser, in pro per., for Respondent.

BEATTY, C. J.—This is an action to foreclose a chattel mortgage given to secure the promissory note of the defendant. The complaint was filed more than four years after the maturity of the note, and the superior court held, on demurrer, that the action was barred by the statute of limitations. The judgment of the superior court was reversed in Department on the ground that the note was taken out of the operation of the statute by a new promise or acknowledgment in writing (Code Civ. Proc., sec. 360), but at the same time it was held that the right to foreclose the mortgage was barred. As to this latter point only a rehearing was granted on petition of the appellant. Upon the first point we adopt the Department opinion as follows:

"Plaintiff sued to foreclose a chattel mortgage made by defendant to secure payment of his promissory note; such note fell due October 10, 1890. The property mortgaged was a certain traction engine at Auburn, Placer county. The action was brought more than four years after maturity of the note, and in order to avoid the limitation of that period prescribed for actions on such instruments (Code Civ. Proc., sec. 337) the plaintiff set out in its complaint the following paper writing alleged to have been signed by defendant and delivered by him on October 8, 1892, to plaintiff's treasurer, who had authority to receive the same on its behalf: 'Dear Sir: Referring to that traction engine

at Auburn, owned by me, and mortgaged to S. P. Co., I have not been able to sell it. . . . . Now, sir, can't you give me a chance to pay you in work? The company employs many men, and, if you choose, you can procure some employment for me. I have a sick family and am hard up personally and need work and want to pay you besides. . . . . W. S. Prosser.' Defendant demurred to the complaint on the ground that the statute bars the action; the demurrer was sustained, and judgment passed in defendant's favor.

"The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same; from such an acknowledgment the law implies a promise to pay. (Code Civ. Proc., sec. 360; *McCormick v. Brown,* 36 Cal. 180, 184, 185; *Biddle v. Brizzolara,* 56 Cal. 374; *Tuggle v. Minor,* 76 Cal. 96; Wood on Limitations, secs. 68, 85.) The defendant contends that his said letter was nothing but an inquiry whether plaintiff would accept payment in work. We think it was more significant than this; as we read the document it was an unqualified admission of an existing debt which defendant desired to pay, and also a request for leave to pay in a manner more convenient to the writer than that provided in the original contract. The suggestion of a peculiar mode of payment, not being proposed as a condition of the acknowledgment, did not impair the effect of the admission. (*Evans v. Simon,* 9 Ex. 282.) This view of the import of defendant's letter is strengthened—'strongly fortified,' said the supreme court of New Hampshire—by the fact that the bar of the statute was then some two years remote, and defendant was in no position to impose terms of payment (*Butterfield v. Jacobs,* 15 N. H. 140, 142; Wood on Limitations, sec. 78, and cases cited); to the extent of the value of the security at least, payment was then enforceable in money. 'There is a great difference between the construction to be put on a letter written a short time after the debt has been contracted and one written after the debt is already barred' (Pollock, C. B., in *Cornforth v. Smithhard,* 5 Hurl. & N. 14.) We

have no doubt that the latter interrupted the running of the statute as to the debt sued on. (See, further, *Farrell v. Palmer*, 36 Cal. 187; *Curtiss v. Aetna Ins. Co.*, 90 Cal. 245, 249, 255.)"

As to the second point, it was assumed in the Department opinion that the life of the original mortgage ended four years after the maturity of the note, and that the written acknowledgment of the debt, though sufficient to prevent the bar of the statute as to the personal obligation, was not such an instrument as is essential to create, renew or extend a mortgage. The contention of the appellant is, that this view ignores the effect of section 2911 of the Civil Code, which reads as follows: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation."

The code prescribes the manner of creating liens, and enumerates the various means by which they are extinguished. (Civ. Code, secs. 2909-2913.) This enumeration is no doubt intended to be exclusive, and the only provision applicable to this case is section 2911, above quoted. The question whether the lien of this mortgage was extinguished, therefore, resolves itself into the question whether an action such as this is based upon the principal obligation—*i. e.*, the note which the mortgage was given to secure—or upon the new promise implied from the written acknowledgment of the debt. A wide diversity of opinion upon this point may be discovered in the reported decisions of this court, but it is to be observed that these expressions of opinion were generally unnecessary, and have generally ignored the distinction between a new promise made before and one made after the statute has run. The distinction is very clearly stated in section 81 of Wood on Limitations, as follows:

"The distinction between the acknowledgment of a debt before and one after the statute has run consists merely in its effect upon the debt and the remedy. An acknowledgment or promise made before the statute has run vitalizes the old debt for another statutory period dating from the time of the acknowledgment or promise, while an acknowledgment made after the statute has run gives a new cause of action, for which the old debt is a consideration."

This distinction seems to be recognized in the phrase "new

or continuing contract" in section 360 of the Code of Civil Procedure, and is clearly stated by Mr. Justice Rhodes in his opinion in *McCormick v. Brown, supra,* as follows: "There are two ultimate facts that may be proved in the mode prescribed—a continuing contract and a new contract. The acknowledgment or promise made while the contract is a subsisting liability establishes a continuing contract; and, when made after the bar of the statute, a new contract is created."

In *Smith v. Richmond,* 19 Cal. 477, it was held that the new promise is not the cause of action, but is only evidence that the original cause of action is not barred.

In *Chabot v. Tucker,* 39 Cal. 438, Mr. Justice Temple says in his opinion that *Smith v. Richmond, supra,* was overruled in *McCormick v. Brown, supra,* as to this point.

I think it is too strong an expression to say that the earlier decision was overruled by the latter, for it was not mentioned or referred to, and the two cases were not alike. In the former, the new promise was made before the bar of the statute had attached to the original obligation, while in *McCormick v. Brown, supra,* the statute had run before the date of the new promise, and it seems clear from the language of Justice Rhodes, above quoted, that the express intention was to distinguish the two classes of cases and the doctrine applicable to them respectively. On principle this distinction must exist. When a debtor makes a new promise before an action is barred upon the original contract, he does not make himself liable a second time for the same debt, and the old promise is not merged in the new; he merely continues his original liability for a longer term. In other words, he merely waives so much of the period of limitations as has run in his favor. But when his legal obligation is at an end by reason of the lapse of the full period of limitation or of a discharge in bankruptcy, a new promise creates a new obligation and is itself the basis of the action. A clear recognition of this distinction reconciles all seeming conflict in the decisions of this court, and demonstrates the essential difference between this case and the case of *Wells v. Harter,* 56 Cal. 342, in which it appears that the action on the principal obligation had been barred before the new promise was made. In that case, of course, the lien of the

mortgage was extinguished by the express terms of section 2911 of the Civil Code, and could only be renewed by compliance with the requirements of section 2922 of the Civil Code. But here the right of action never was barred. There never was a time when it could not be maintained on the principal obligation, and there was no occasion to renew the lien.

If it should be claimed that the lien was "extended," the answer is, that the extension of a lien is not the prolongation of its life, but is making it security for an additional obligation. (*London etc. Bank v. Bandmann,* 120 Cal. 220.)

Our conclusion is, that as between the parties, the lien of this mortgage was never extinguished.

Judgment reversed and cause remanded.

Harrison, J., Van Fleet, J., and Garoutte, J., concurred.

TEMPLE, J.—I adhere to the judgment and the opinion rendered in Department.

The following is the opinion rendered in Department Two, on the twenty-fourth of March, 1898, adopted by Mr. Justice Temple.

BRITT, C.—Plaintiff sued to foreclose a chattel mortgage made by defendant to secure payment of his promissory note; such note fell due October 10, 1890. The property mortgaged was a certain traction engine at Auburn, in Placer county. The action was brought more than four years after maturity of the note, and, in order to avoid the limitation of that period prescribed for actions on such instruments (Code Civ. Proc., sec. 337), the plaintiff set out in its complaint the following paper writing alleged to have been signed by defendant and delivered by him on October 8, 1892, to plaintiff's treasurer, who had authority to receive the same on its behalf: "Dear Sir: Referring to that traction engine at Auburn, owned by me, and mortgaged to S. P. Co., I have not been able to sell it. . . . . Now, sir, can't you give me a chance to pay you in work? The Co. employs many men, and, if you choose, you can procure some employment for me. I have a sick family and am hard up personally and need work and want to pay you besides. . . . . W.

S. Prosser." Defendant demurred to the complaint on the ground that the statute bars the action; the demurrer was sustained, and judgment passed in defendant's favor.

The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same; from such an acknowledgment the law implies a promise to pay. (Code Civ. Proc., sec. 360; *McCormick v. Brown*, 36 Cal. 180, 184, 185; *Biddle v. Brizzolara*, 56 Cal. 374; *Tuggle v. Minor*, 76 Cal. 96; Wood on Limitations, secs. 68, 85.) The defendant contends that his said letter was nothing but an inquiry whether plaintiff would accept payment in work. We think it was more significant than this; as we read the document, it was an unqualified admission of an existing debt which defendant desired to pay, and also a request for leave to pay in a manner more convenient to the writer than that provided in the original contract. The suggestion of a peculiar mode of payment, not being proposed as a condition of the acknowledgment, did not impair the effect of the admission. (*Evans v. Simon*, 9 Ex. 282.) This view of the import of defendant's letter is strengthened—"strongly fortified," said the supreme court of New Hampshire—by the fact that the bar of the statute was then some two years remote, and defendant was in no position to impose terms of payment (*Butterfield v. Jacobs*, 15 N. H. 140, 142; Wood on Limitations, sec. 78, and cases cited); to the extent of the value of the security at least, payment was then enforceable in money. "There is a great difference between the construction to be put on a letter written a short time after the debt has been contracted and one written after the debt is already barred" (Pollock, C. B., in *Cornforth v. Smithard*, 5 Hurl. & N. 14.) We have no doubt that the letter interrupted the running of the statute as to the debt sued on. (See, further, *Farrell v. Palmer*, 36 Cal. 187; *Curtiss v. Aetna Life Ins. Co.*, 90 Cal. 245, 249, 255.)

"A mortgage can be created, renewed, or extended, only by a writing executed with the formalities required in the case of a grant of real property." (Civ. Code, sec. 2922.) And by sec-

tions 1091 and 1092 of the same code, a grant of real property is required to be accomplished by an "instrument in writing." Upon the effect of section 2922 the court said in *Wells v. Harter,* 56 Cal. 342, "It is obvious that, in view of this provision of the statute, in order to create, renew, or extend a mortgage, there must be executed in the mode prescribed a written instrument showing, either by express terms or by fair intendment, that such was the intent of the party to be charged"; and it was held accordingly (contrary to the rule before the code, *Lent v. Morrill,* 25 Cal. 492) that the mere renewal of a note against which the statute had run did not operate to renew also a mortgage by which the note had been secured. Although a right of homestead in the land affected by the mortgage in that case had attached subsequent to the renewal of the note, yet the decision in no measure turned on that circumstance, and the construction of the statute there declared is equally applicable here. Defendant's letter of October 8, 1892, was obviously not prepared as a memorial for purposes of evidence of any act or agreement between the parties; and although it mentions the mortgage of the engine, yet the reference is wholly casual, and there is not a word in the paper indicative of a purpose to renew or extend the lien of the mortgage; it is apparent, therefore, that it was not an "instrument executed with the formalities required in the case of a grant of real property," within the meaning of said section 2922 (*Foorman v. Wallace,* 75 Cal. 555; *Hoag v. Howard,* 55 Cal. 564,)and it follows that it had no effect to extend the lien of the mortgage. The plaintiff's complaint shows on its face that the right to foreclose the mortgage is barred, but that the right to proceed against defendant personally on the note is not; hence, the judgment sustaining the demurrer to the whole cause of action alleged was erroneous and should be reversed, with leave to defendant to answer.