[S. F. No. 7567.   Department One.—November 26, 1917.]

## FRANK W. DIXON et al., Respondents, v. HENRÝ J. BARTLETT, Appellant.

STATUTE OF LIMITATIONS—NEW PROMISE BEFORE CLAIM BARRED—CAUSE OF ACTION NOT CHANGED.—A new promise, made before a debt is barred by the statute, does not create a new cause of action; it merely continues the original liability for a longer term, and waives so much of the period of limitation as has already run, and the action must be on the original obligation and not upon the new promise.

ID.—NOTE EXECUTED OUT OF STATE—NEW PROMISE IN STATE—TWO YEAR STATUTE APPLICABLE.—Where the original contract was a promissory note executed in Nevada, a subsequent acknowledgment of the debt and a promise to pay it, contained in a letter written in California, before the bar of the statute of limitations, did not convert the contract into one executed in California, but it remained a contract executed out of the state, to which the two years' limitation was applicable.

ID.—PARTNERSHIP—PROMISE TO ONE PARTNER.—A new promise to one partner inures to the benefit of all the partners.

ID.—PLEADING — NEW PROMISE, HOW PLEADED.—A complaint which, after alleging the making of a promissory note and an indebtedness thereon, sets forth that afterward on a day stated (sufficient to avoid the bar of the statute of limitations) the defendant, in a writing signed by him, "in consideration of the foregoing facts acknowledged said indebtedness and promised to pay the same," is sufficient as a pleading of the new promise according to its legal effect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John J. Van Nostrand, Judge.

Peck, Bunker & Cole, for Appellant.

L. P. Forestell, for Respondents.

SHAW, J.—The defendant appeals from the judgment upon the judgment-roll alone.

The complaint alleges that the defendant, in the state of Nevada, executed to the plaintiffs as copartners, a note of the following tenor: "Round Mountain, Nevada, 12/9–'08. One day after date I promise to pay Dixon & Stebbins, or

order, $2806.00 (twenty-eight hundred and six dollars), for
value received with interest at the rate of 1 per cent per
month until paid. Henry J. Bartlett''; and that thereafter,
on March 9, 1912, and on September 23, 1909, in San Fran-
cisco, California, ''in a writing signed by said defendant, in
consideration of the foregoing facts, he acknowledged said
indebtedness and promised to pay the same,'' but that he
has not paid the same or any part thereof. The answer al-
leged that the action was barred by the two years' statute of
limitations. (Code Civ. Proc., sec. 339, subd. 1.)

Finding V is in part as follows: ''That on or about the
ninth day of March, 1912, and on September 23, 1909, at the
city and county of San Francisco, state of California, in
writings signed by the defendant, Henry J. Bartlett, he ac-
knowledged the indebtedness evidenced by said promissory
note and promised to pay the same. . . . The letters above
mentioned are as follows, to wit.'' The finding then sets out
a copy of the two letters referred to, one dated March 9,
1912, the other September 23, 1909.

It is unnecessary to state the contents of the letter of Sep-
tember 23, 1909. The note fell due on December 10, 1908,
and being executed in the state of Nevada, the statute of
limitations would bar an action thereon at the expiration of
two years thereafter. (Code Civ. Proc., sec. 339, subd. 1.)
This letter was written from San Francisco and was signed
within the two years. Where a new promise is made before
the action on the original debt is barred, the debtor ''does not
make himself liable a second time for the same debt, and the
old promise is not merged in the new; he merely continues
the original liability for a longer term. In other words, he
merely waives so much of the period of limitation as has run
in his favor.'' (*Southern Pacific Co.* v. *Prosser,* 122 Cal.
417, [52 Pac. 836, 55 Pac. 147].) It starts anew the period
of limitation. The action must, in that event, be upon the
original obligation and not upon the new promise. (*Mc-
Cormick* v. *Brown,* 36 Cal. 180, [95 Am. Dec. 170].) This
promise, therefore, if it be such, merely fixed September 23,
1909, as the beginning anew of the period of limitation appli-
cable to the previous note. That note was executed in
Nevada, and the subsequent promise made before it was out-
lawed, did not convert it into a contract executed in Cali-
fornia. It remained a note executed out of the state, as

before, and consequently, the period of limitation applying to it was the two years' limitation applying to the original note. The action was begun more than two years after the date of this promise. The result is that whether the period of limitation be computed from the maturity of the note, or from the date of the promise in 1909, the action was barred before the complaint was filed. The judgment, therefore, if upheld, must be deemed to be based upon the new promise contained in the letter of March 9, 1912.

This letter was addressed to Dixon. The greater part of it is devoted to subjects not connected with any indebtedness. After referring to the fact that he had failed in some enterprises which he had previously had on hand, but was working on other prospects, he wrote the paragraph containing the new promise. It reads as follows: ''As to what I owe you, Frank, you need never worry, every dollar due you will be paid. As to Jack, there are some things between us that need adjusting and a settlement. It was my impression that the notes did not run out for another year.''

The letter was signed by the defendant. There is nothing in it to indicate who was referred to as Jack, but as the other letter set forth in the findings addressed the plaintiff Stebbins as ''Jack,'' it may be assumed that the reference was to Stebbins.

The question is whether this is a promise to pay the partnership debt owing by the defendant to the two plaintiffs. In considering an appeal on the judgment-roll alone, it is conclusively presumed that the evidence supports the findings. The finding here is that by this letter the defendant promised to pay the note in question. If by the aid of any reasonably conceivable extrinsic evidence, the language of this promise to pay could have been shown to refer to the partnership note, and the reference to the settlement between the writer thereof and ''Jack'' to refer to another note or transaction, then the new promise is established. If it refers to the partnership note, it is an express promise to pay the same, although made to one of the partners alone. A promise made to one partner to pay a partnership debt inures to the benefit of all the partners, and all may sue thereon. (Bates on Partnership, secs. 437, 1019.)

The letter begins with the phrase ''Yours of the 22nd received.'' This shows that it was a reply to a letter previously

received by Bartlett from Dixon, the contents of which are not before us. It is conceivable that Dixon's letter, or some other evidence, made the meaning of the defendant's letter plain to the effect above indicated. The statement in the paragraph quoted, that it was Bartlett's impression that the "notes" did not run out for another year, lends force to the idea that Dixon had referred to some other note due to Stebbins alone, to which the phrase quoted regarding a settlement with "Jack" related. This inference is somewhat strengthened by the contents of the letter of 1909, written to Stebbins, which refers to transactions between them in which it does not appear that Dixon had any interest. In the absence of the evidence we must presume that there was extrinsic evidence so explaining the meaning of the Bartlett letter as to make the promise to pay refer to the partnership note. The case of *White* v. *Williams*, 1 Wilm. W. & H., Q. B., 52, was similar to the case at bar. There the two plaintiffs sued as partners on a partnership demand. The debtor had written a letter to White alone, saying "that he would call in a few days and pay White's account." It was not shown that White alone had any account to which the letter could refer. The court held that the letter was "sufficient to take the case out of the statute of limitations," but granted a new trial because there was no evidence of the amount of the debt. Upon the record before us we must conclude that the findings are sufficient to support the judgment.

It is further contended that the complaint is founded on the note and not on the new promise, as is required when the new promise is made after the period of limitation has expired. A contract may be pleaded according to its legal effect as well as *in haec verba*. The allegation that "on March 9, 1912," in "a writing signed by said defendant, in consideration of the foregoing facts, he acknowledged said indebtedness and promised to pay the same," is sufficient as a pleading of the new promise of the defendant according to its legal effect. (*Porter* v. *Elam*, 25 Cal. 292, [85 Am. Dec. 132].) We find no error in the record.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.