[Civ. No. 3139.   Third Appellate District.—September 11, 1926.]

ELIZABETH WAHL, Respondent, v. JAMES A. McCAD-
DON, as Administrator, etc., et al., Appellants.

[1] STATUTE OF LIMITATIONS — ACTION ON PROMISSORY NOTE — EVI-
DENCE.—In this action in so far as it is based upon a certain
promissory note, it is held that at the time the action was com-
menced it was not barred by the statute of limitations.

---

(1) 37 C. J., p. 1127, n. 78.

APPEAL from a judgment of the Superior Court of
San Diego County.   C. N. Andrews, Judge.   Affirmed.

The facts are stated in the opinion of the court.

James E. O'Keefe for Appellants.

John H. McCorkle for Respondent.

FINCH, P. J.—This is an appeal by the defendant Mc-
Caddon from a judgment in favor of the plaintiff.   [1]
The only question presented by the appeal is whether, at
the time the action was commenced, it was barred by the
statute of limitations in so far as it is based upon a certain
promissory note.

In January, 1922, Alice C. Moore, now deceased, was
indebted to John Wahl, also now deceased, in certain sums
of money, evidenced by three promissory notes, secured by
mortgages on real estate, the note in question being dated
February 2, 1917, and payable one year after the date
thereof.   During the month first mentioned the parties to the
notes executed an instrument, reciting the execution of the
notes and that Alice C. Moore was desirous of securing
an extension of time for the payment thereof, and providing
as follows: "Now therefore in consideration of one dollar,
the receipt whereof is hereby acknowledged, it is mutually
agreed between the said John Wahl and said Alice Copeland
Moore that the time of payment of the principal sum as
mentioned in each of the three promissory notes and in

---

1.   See 16 Cal. Jur. 574.

accordance with the terms and conditions thereof is hereby extended for a period of one year from the 27th day of January, 1922, and the said Alice Copeland Moore on her part hereby promises to pay said notes and each one thereof on the date when the same become due under said extension and hereby confirms the execution of said notes and said mortgages and hereby assumes the payment thereof and each thereof.'' Thereafter said John Wahl died and, on the administration and settlement of his estate, the three notes were distributed to the plaintiff. Alice C. Moore also died and defendant McCaddon was duly appointed administrator of her estate. This action was commenced April 10, 1924.

It so clearly appears that the action was not barred at the time of the commencement thereof that it is deemed sufficient to cite the following: Code Civ. Proc., sec. 360; *Southern Pac. Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145]; *Wilcox* v. *Gregory,* 135 Cal. 217 [67 Pac. 139]; *Dixon* v. *Bartlett,* 176 Cal. 572 [169 Pac. 236]; *Curtis* v. *Holee,* 184 Cal. 726 [18 A. L. R. 1024, 195 Pac. 395]; *Minifie* v. *Rowley,* 187 Cal. 481 [202 Pac. 673]; *Searles* v. *Gonzalez,* 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003].

The judgment is affirmed.

Pullen, J., *pro tem.,* and Plummer, J., concurred.