[Civ. No. 6538. First Appellate District, Division One.—April 27, 1929.]

A. FORISTIERE, Respondent, v. PAOLO ALONGE, Appellant.

Frank Kauke for Appellant.

George G. Graham for Respondent.

THE COURT.—The defendant Paolo Alonge appeals from an adverse judgment in an action to quiet title, the real purpose of which was to cancel a mortgage standing of record against the property in defendant's name, and which the plaintiff Foristiere claimed was barred by the statute of limitations at the time he acquired the property.

It appears that plaintiff's predecessors in interest, Santo Catania and wife, during their ownership of the property, encumbered the same with two mortgages, the first of which was given to the Bank of Italy. The second was given to the defendant Alonge to secure the payment of a note for $2,000, both the note and mortgage being made payable on February 5, 1921, and the mortgage being recorded on February 10, 1920. The mortgage debt was never paid, and consequently the mortgage was never released or satisfied of record. Several months prior to the running of the statute of limitations against Alonge's mortgage the Bank of Italy brought suit to foreclose its mortgage, Catania, his wife, and Alonge being made parties

to that suit. In September, 1924, which was approximately five months before the running of the statute against the Alonge mortgage, Catania and his wife answered the foreclosure complaint by admitting the allegations thereof, and added a cross-complaint which was verified by Catania and was served personally on Alonge before filing. Alonge now claims that the contents of this cross-complaint constituted a statutory acknowledgment of the debt (Code Civ. Proc., sec. 360), which operated to extend the period of the statute of limitations beyond the date on which plaintiff acquired the property. It further appears that the cross-complaint was later dismissed by the court on motion of the Bank of Italy and on October 21, 1925, a decree of foreclosure was entered and the property sold at commissioner's sale to the Bank of Italy; that during the pendency of the foreclosure action Mrs. Catania conveyed her interest in the property by quitclaim deed to her husband and on March 1, 1926, before the period of time allowed by law for the redemption of the property had expired, Foristiere acquired the property from Catania by quitclaim deed. Two weeks later he commenced this suit to quiet title, and on September 4, 1926, Catania redeemed the property from the foreclosure sale by paying to the commissioner the amount due the Bank of Italy. The evidence further shows that plaintiff knew of the existence of Alonge's unpaid mortgage at the time he acquired the property. The cross-complaint reads as follows: "Comes now the above named defendants, Santo Catania and Elizabetta Catania, his wife, and for a cross-complaint against the defendants Paolo Alonge and John Doe and Mary Roe and Annie Roe, allege and state that on or about the 1st day of March, 1920, these cross-complainants executed and delivered to the said Paolo Alonge and others, their said mortgage on the real estate mentioned in Plaintiff's complaint, to wit: Lots 31 and 32 in block 14 of the Town, now city of Fresno, California, as per map thereof, on file, to secure the payment of $2,000 principal and interest thereon at the rate of 7 per cent, until paid. That these cross-complainants have paid to the said Paolo Alonge the sum of $675.00, which should be applied upon said mortgage obligation, and the said Paolo Alonge refuses so to do. These cross-complainants have heretofore offered to pay the

balance due if credited the aforesaid · sum of $675 here-
.tofore paid, · and the said Paolo Alonge refused to accept
said payment or to settle said accounts or to relieve said
premises from the burden of the said second mortgage
.and all of which casts ·a cloud on the title of the cross-
.complainants in and to said premises and prevents the said
cross-complainants from obtaining money with which to pay
.the plaintiff in this case. Wherefore these cross-complain-
ants pray that said Paolo Alonge or the person holding
said second mortgage be cited to appear in this court and
that this Court adjudge the amounts that may be due said
Paolo Alonge by virtue of said mortgage and the amount
the cross-complainants shall pay; and upon payment
thereof, shall cause said premises to be released from said
second mortgage, and that this Court grant to these cross-
complainants, such further relief as equity and justice
of this case may warrant.''

██ Section 360 of the Code of Civil Procedure provides:
''No acknowledgment or promise is sufficient evidence of
a new or continuing contract, by which to take the case
out of the operation of this title, unless the same is con-
tained in some writing signed by the party to be charged
thereby''; and in construing said section it was held ·in
*Southern Pacific Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836,
55 Pac. 145], that ''the distinct and unqualified admission
of an existing debt contained in a writing signed by the
party to be charged, and without intimation of an intent
to refuse payment thereof, suffices to establish the debt to
which the contract relates as a continuing contract, and
to interrupt the running of the statute of limitations against
the same; from such an acknowledgment the law implies a
promise to pay (Code Civ. Proc., sec. 360; *McCormick* v.
*Brown,* 36 Cal. 180, 184, 185 [95 Am. Dec. 170]; *Biddel*
v. *Brizzolara,* 56 Cal. 374; *Tuggle* v. *Minor,* 76 Cal. 96
[18 Pac. 131]; Wood on Limitations, secs. 68, 85).'' The
only distinction between an acknowledgment of a debt
before and one after the statute has run, say the courts, is
that an acknowledgment or promise made before the statute
has run vitalizes the old debt for another statutory period
dating from the time of the acknowledgment or promise,
while an acknowledgment made after the statute has run
gives a new cause of action, for which the old debt is a

consideration. (*Southern Pacific Co.* v. *Prosser, supra;* *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42].) In either case there need be no express promise to pay, it being held sufficient if the writing shows that the debtor treats the indebtedness as subsisting and as one which he is liable and willing to pay; and from such acknowledgment the law implies a promise to pay (*Foster* v. *Bowles,* 138 Cal. 346 [71 Pac. 494, 649]; *Searles* v. *Gonzalez,* 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003]; *Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40]; *First National Bank of Park Rapids* v. *Pray,* 86 Cal. App. 484 [260 Pac. 933]). In the case of *Commercial Mutual Ins. Co.* v. *Brett,* 44 Barb. (N. Y.) 489, some of the earlier decisions bearing upon the essential element of a willingness to pay are summarized as follows: "In *Van Keuren* v. *Parmelee,* (2 Comst. (N. Y.) 523 [51 Am. Dec. 322]), the same rule was recognized. 'There must at the least be a plain admission that the debt is due, and that the party is willing to pay it.' It was also assented to in *Shoemaker* v. *Benedict,* (1 Kern. (11 N. Y.) 176 [62 Am. Dec. 95]), where it was said, 'That to continue or revive the debt, there must be an express promise to pay, or an acknowledgment of the existence of the debt, with the admission or recognition of an existing liability to pay it, from which a new promise may be inferred.' . . . From these and many other cases, which might be cited, I think it is clear that an acknowledgment to be sufficient must not only be an admission of the existence of the debt, but in addition thereto a recognition of a liability to pay, in such a mode as will authorize the inference of a new promise." In any event, however, as held in *McCormick* v. *Brown,* 36 Cal. 180 [95 Am. Dec. 170], "The acknowledgment referred to in the statute is not such as may be deduced by inference from a promise or an offer to pay a part of the debt or to pay the whole debt in a particular manner, or at a specified time, or upon specified conditions. The acknowledgment, say the cases, must be a direct, distinct, unqualified and unconditional admission of the debt which the party is liable and willing to pay." The doctrine of the foregoing case has been approved in the later cases of *Clunin* v. *First Federal Trust Co.,* 189 Cal. 248 [207 Pac. 1009]; *Rodgers* v. *Byers, supra;* *Southern Pacific Co.* v. *Prosser, supra.*

After analyzing the contents of the cross-complaint in question in the light of the foregoing legal rules, we have reached the conclusion that it amounts to no more than a qualified and conditional admission of the debt, and a willingness to pay only that particular balance which the Catanias claimed was justly due, and therefore is not effective as a legal acknowledgment. In the forepart of the cross-complaint it is distinctly stated that they have "hereto offered" to pay the debt provided they were given credit for $675, which appellant refused to do; and the latter part of.the cross-complaint fairly implies only that they were still willing to pay the balance provided they were allowed the credit of $675. Therefore, even though it be conceded that the statute may be tolled by an acknowledgment embodied in a pleading, there is not present here the essential element of a direct, distinct, unqualified and unconditional willingness to pay, which the law demands in order to constitute a valid acknowledgment. (*McCormick* v. *Brown, supra; Clunin* v. *First Federal Trust Co., supra.*)

The judgment is affirmed.