[Civ. No. 4426. Third Appellate District.—November 13, 1931.]

J. M. MAURER, Appellant, v. M. BERNARDO, Respondent.

Daniel Rygel for Appellant.

Ware & Ware for Respondent.

PRESTON, P. J.—This is an appeal by plaintiff J. M. Maurer from a judgment entered in favor of the defendant M. Bernardo in an action upon a promissory note. The facts are not in dispute and are briefly these:

On December 2, 1922, defendant executed and delivered to the assignor of plaintiff a conditional promissory note in the sum of $500. The condition precedent, contained in the note, was performed and the note became due and payable on November 26, 1923. The note was not paid. It was assigned to plaintiff and placed in the hands of his attorney, Daniel Rygel, of Oakland, California, for collection. Mr. Rygel demanded payment of the defendant, whereupon defendant, who resides in Chico, Butte County, California, placed the matter in the hands of his attorneys, Ware & Ware, of Chico. A series of letters were exchanged between Ware & Ware and Mr. Rygel, between November 22, 1926, and February 10, 1927. This correspondence was all had before the statute of limitation ran against the note. The result of this correspondence was an agreement or understanding that "as long as" payments of $50 per month were made on the note, no action would be brought thereon. None of this correspondence was signed by either principal.

It was expressly stated by Ware & Ware that this proposal to pay $50 per month until the note was fully paid was by way of settlement and was made "without admitting any liability on behalf of Mr. Bernardo".

Pursuant to this arrangement and understanding, defendant, through his attorneys, paid plaintiff and appellant $50 on February 11, 1927, on account of said note. No further payments of any kind were made and nothing further occurred until over six months later. On August 29, 1927, Mr. Rygel wrote Ware & Ware again regarding said indebtedness, in part, as follows: "Unless I receive a substantial remittance by return mail, I am instructed to proceed."

This letter was referred directly to defendant, who on August 31, 1927, wrote to Mr. Rygel, the attorney for plaintiff, the following letter:

"Dear Sir: In regard to the letter you wrote to Mr. Ware about the Maurer note. Mr. Rygel, I cannot pay anything on the note at present, but will do all I can in the near future. I realize I have not paid Mr. Maurer anything since February, but business has been so quiet I have not been able to do anything different.

"Yours very truly,
"M. BERNARDO."

After defendant wrote this letter nothing was said or done by either party, or their attorneys, until March 21, 1928, when the original complaint herein was filed and summons issued.

The note, as above set forth, became due and payable on November 26, 1923, and became barred by the statute of limitation on November 26, 1927. Therefore, this action was not commenced until long after the statute of limitation had run against the note.

Appellant contends in effect: First. That the correspondence between the attorneys, coupled with the payment by defendant of the $50, constituted a waiver of so much of the period of limitation as had run on the note in favor of defendant; or, in other words, the correspondence between the attorneys and the payment of the $50 by defendant started a new period of limitation dating from the time the installment of $50 was paid. Second. That said letter written by defendant himself to plaintiff's attorney on August 31, 1927, also raised the bar of the statute of limitation on said original note.

We will first consider the letter written by defendant himself on August 31, 1927, which was before the note had outlawed.

■ The only distinction between an acknowledgment of a debt before and one after the statute has run, is that the acknowledgment or promise made before the statute has run vitalizes the old debt for another statutory period dating from the time of the acknowledgment or promise, and the action must in that event be upon the original obligation and not upon the new promise, while an acknowledgment made *after the statute has run* gives a new cause of action, and the action must be upon the new acknowledgment or new promise, for which the old debt is a consideration. (*Southern Pac. Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145]; *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42, 43]; *Foristiere* v. *Alonge,* 98 Cal. App. 563 [277 Pac. 367]; *Dixon* v. *Bartlett,* 176 Cal. 572 [169 Pac. 236]; *Wahl* v. *McCaddon,* 79 Cal. App. 294 [249 Pac. 222]; *Curtis* v. *Holee,* 184 Cal. 726 [18 A. L. R. 1024, 195 Pac. 395]; *Searles* v. *Gonzalez,* 191 Cal. 426–430 [28 A. L. R. 78, 216 Pac. 1003].) ■ It is true that, in either case, there need be no express promise to pay, and if

the written acknowledgment is sufficient within the contemplation of section 360 of the Code of Civil Procedure, to take the case out of the operation of the statute of limitations, the law implies a promise to pay from such acknowledgment. (*Foster* v. *Bowles,* 138 Cal. 346 [71 Pac. 494, 649]; *Searles* v. *Gonzalez, supra; Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40]; *First Nat. Bank, etc.,* v. *Pray,* 86 Cal. App. 484 [260 Pac. 933]; *Foristiere* v. *Alonge, supra.*)

But the rule is well established that the written acknowledgment, whether made before or after the statute has run on the original indebtedness, *must be a distinct, unqualified, unconditional recognition of the obligation for which the person making such admission is liable.* (*Powell* v. *Petch,* 166 Cal. 329 [136 Pac. 55]; *McCormick* v. *Brown,* 36 Cal. 185 [95 Am. Dec. 170]; *Biddel* v. *Brizzolara,* 56 Cal. 382; *Pierce* v. *Merrick,* 128 Cal. 476 [79 Am. St. Rep. 63, 61 Pac. 67]; *Snyder* v. *Dederichs,* 39 Cal. App. 628 [179 Pac. 535]; *Nixon* v. *Ramsey,* 40 Cal. App. 240 [180 Pac. 649]; *Hayes* v. *O'Marr,* 81 Cal. App. 210 [253 Pac. 749]; *Foristiere* v. *Alonge, supra; Clunin* v. *First Federal Trust Co.,* 189 Cal. 248 [207 Pac. 1009]; *Rodgers* v. *Byers, supra; Southern Pac. Co.* v. *Prosser, supra.*) Measured by these well-recognized rules, it is readily apparent that the letter of August 31, 1927, written by defendant to plaintiff's attorney, is wholly insufficient to raise the bar of the statute.

The letter in question was a *conditional* promise to pay the note when he could, not according to any particular terms, but *solely upon his financial ability to pay.* If the defendant in this case made any promise at all, it was a conditional promise upon his ability to pay, and in order to rely upon that promise, plaintiff must plead it as a new cause of action, and prove defendant's ability to pay. (*Van Buskirk* v. *Kuhns,* 164 Cal. 472 [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587, 588], *Snyder* v. *Dederichs, supra, Rodgers* v. *Byers, supra,* and *Curtis* v. *City of Sacramento,* 70 Cal. 412 [11 Pac. 748].) This plaintiff failed to do.

The language used by defendant in his letter is very similar to that relied upon in *Rodgers* v. *Byers, supra,* and there the Supreme Court held such writing to be insufficient to raise the bar of the statute.

In *Van Buskirk* v. *Kuhns, supra,* the Supreme Court said: "If the promise is conditional upon such ability, it is, as said in *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42], incumbent upon plaintiff to allege and prove that the condition has been complied with. This is not, like the plea of the statute of limitations, matter of defense. It is a substantive part of the cause of action, and the burden of proof with respect to it, is upon the plaintiff. . . . The complaint contains no allegation of such ability, and the court does not find it. There is, therefore, a want of averment and finding of facts establishing the existence of a cause of action."

█ The correspondence between the attorneys and the payment of $50 can be of no assistance to plaintiff in this case for a number of reasons: 1st. It is perfectly clear from an examination of all the correspondence that plaintiff can only claim from such correspondence, that the statute of limitations was suspended for one month, to wit, from February 10, 1927, to March 10, 1927, at which date the installment payments upon which the suspension depends were in default. This would extend the final period of limitations from November 26, 1927, to December 26, 1927, and that is what the court found; or, in other words, the effect of this arrangement between the attorneys was simply to toll and interrupt the running of the statute for such time, and for such time only, as the agreement was in force; when defendant failed to pay the second installment at the time specified, the agreement was ended and plaintiff was no longer bound to withhold suit. 2d. None of this correspondence was signed by defendant, "the party to be charged", as required by section 360 of the Code of Civil Procedure.

Appellant insists that defendant ratified the acts of his attorneys by making the $50 payment. This is possibly true, but the agreement made by said attorneys was that suit should be *withheld so long as the payments were made.* Defendant violated and annulled this agreement by not making the second payment. Plaintiff was therefore no longer bound to withhold suit. The statute was only suspended while the agreement was in force.

█ Counsel for appellant seem to contend that appellant may reject the promise made by defendant, if it be insufficient to raise the bar of the statute, and rely upon the acknowledgment of the debt inferred from all the writings,

both by the attorneys and defendant himself, and having established an acknowledgment the law will imply a promise to pay and thereby raise the bar of the statute of limitation.

Neither the complaint upon which the case was finally submitted to the trial court, nor the undisputed facts, will permit such a course. As we have already shown, the promise made by defendant was a *conditional one*, dependent upon his ability to pay. In *Rodgers* v. *Byers, supra,* the court said: " . . . If the debtor promises to pay the debt when he is able, or by installments, etc., the creditor can claim nothing more than the promise gives him. This decision is abundantly supported. (*Richardson* v. *Bricker,* 1 West Coast Rep. 270; 2 Greenleaf on Evidence, sec. 440; Wood on Limitation of Actions, sec. 78; 13 Am. & Eng. Ency. of Law, 754.) Nor can the respondent, under the showing made, be permitted to reject the promise and rely upon an acknowledgment from which the law will imply a promise; for, as is said in *McCormick* v. *Brown, supra,* 'When the express promise is shown, the acknowledgment, if there be one, has no effect, for the law will not imply a promise in the presence of an express promise'."

Furthermore, and irrespective of the pleadings the acknowledgment contained in the writings cannot be construed to be a direct, unconditional admission of the debt within the meaning of the statute. In *McCormick* v. *Brown, supra,* the court, in dealing with a similar statute, said: "The acknowledgment referred to in the statute is not such as may be deduced by inference from a promise or an offer to pay a part of the debt, *or to pay the whole debt in a particular manner, or at a specified time, or upon specified conditions.* The acknowledgment, say the cases, must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay."

It follows from what has been said that we are of the opinion that neither the correspondence between the attorneys nor the letter written by defendant himself nor the correspondence and letter of defendant combined are sufficient to raise the bar of the statute of limitations against said note, even though a complaint has been filed containing proper and the most elaborate averments in consonance with the facts.

Plaintiff slept upon his rights and must bear the consequence of his own neglect.

We deem a further discussion entirely unnecessary.

Judgment affirmed.

Plummer, J., and Thompson (R. L.), J, concurred.