WASTE, C. J.
 

 Plaintiff appeals from a judgment of dismissal entered upon the sustaining of a demurrer to an amended complaint without leave to amend.
 

 The action was commenced on February 15, 1935. It is alleged in the complaint that within four years last past the defendant became indebted to plaintiff’s assignor for services rendered in the sum of $1622.13, and in writings acknowledged, signed and agreed to pay said indebtedness. The complaint then alleged that no part of the amount had been paid and prayed for judgment.
 

 The acknowledgments and agreements to pay, which are written on a single sheet of paper, are set out
 
 in haec verba
 
 in the complaint, as follows:
 

 “Feb. 14, 1931
 

 “This is to certify that I, Louis P. Joerger, owe John Vassere $776.69 for wages due to date with interest included to date and promise to pay same on or before March 1st, 1931. Interest to be charged from this date to March 1st at rate of 7% per annum.
 

 “Louis P. Joerger.” “March 4th, 1932.
 

 “This is to certify that I owe John Vassere $496.44 for additional wages with interest at the rate of 7%.
 

 “Louis P. Joerger.”
 

 “August 23rd, 1932.
 

 “This is to certify that I owe John Vassere $349.00 for additional wages with interest at 7%.
 

 “Louis P. Joerger.”
 

 
 *692
 
 Defendant demurred on the grounds that the complaint failed to state a cause of action and that the action was barred under the two-year period of limitation prescribed in section 339 of the Code of Civil Procedure. It was sustained, without leave to amend, upon the latter ground. We pass the general demurrer with the observation that it is not well taken.
 

 It is the plaintiff’s theory upon this appeal that the action is based upon the written acknowledgments and promises therein contained (express and implied) and that the action was therefore timely commenced having been brought within four years after the due date therein fixed. (Sec. 337, Code Civ. Proc.) Defendant and respondent, on the other hand, relies on the rule announced in
 
 Southern Pac. Co.
 
 v.
 
 Prosser,
 
 122 Cal. 413 [52 Pac. 836, 55 Pac. 145], and other cases, to the effect that a distinction exists between the acknowledgment of a debt before the statute has run and an acknowledgment after the statute has run, the former merely vitalizing the old debt for another statutory period from the date of the acknowledgment, the action, in such ease, being upon the original obligation, while in the case of an acknowledgment after the statute has run, the action is upon the new promise for which the old debt is a consideration. In the cited case the rule is stated as follows: ‘ When a debtor makes a new promise before an action is barred upon the original contract, he does not make himself liable a second time for the same debt, and the old promise is not merged in the new one; he merely continues his original liability for a longer term. In other words, he merely waives so much of the period of limitations as has run in his favor. But when his legal obligation is at an end by reason of the lapse of the full period of limitations or of a discharge in bankruptcy, a new promise creates a new obligation and is itself the basis of the action. ’ ’
 

 Under this rule, the acknowledgments in the present case if made prior to the running of the two-year period of limitation governing the original obligations, which obligations were not founded in a writing, would have served merely to extend the period an additional two years from the date of each of such acknowledgments or the time for payment therein prescribed and the action not having been commenced within two years thereafter would be barred.
 
 (National
 
 
 *693
 

 Cycle Co.
 
 v.
 
 San Diego Cycle Co.,
 
 9 Cal. App. Ill, 113 [98 Pac. 64];
 
 Gilmore
 
 v.
 
 Green,
 
 77 Ky. (14 Bush.) 772, 775, 776.) However, if the acknowledgments were made after the statute had fully run on the original oral obligations, they would constitute new promises, even though such promises be merely implied therefrom
 
 (Maurer
 
 v.
 
 Bernardo,
 
 118 Cal. App. 290, 294 [5 Pac. (2d) 36]), and being in writing the action would be governed by the four-year period.
 

 While we recognize the rule relied on by the defendant, we are not satisfied that it has been correctly applied to this case by the trial court. Preliminary to pointing out wherein the rule has been improperly applied to the complaint here involved, we pause to state that it is well settled that “a demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must affirmatively appear that, upon the facts stated, the right of action is necessarily barred.”
 
 (Pike
 
 v.
 
 Zadig,
 
 171 Cal. 273, 277 [152 Pac. 923];
 
 Curtiss
 
 v.
 
 Aetna Life Ins. Co.,
 
 90 Cal. 245, 250 [27 Pac. 211, 25 Am. St. Rep. 114].) With this principle in mind, we fail to perceive in the complaint any allegation tending to show that the acknowledgments therein set forth and relied on by the plaintiff were made at a time prior to the running of the two-year period on the original oral obligations so as to merely vitalize said original obligations for an additional two-year period. On the contrary, and for all that appears on the face of the complaint, it is reasonably possible to construe the same as relying on acknowledgments made after the running of the statute on the original obligations so as to constitute new written promises, express or implied, as to which the period of limitation would be four years. This being so, it does not “necessarily” appear from the face of the complaint that the action is barred, so as to warrant the sustaining of the demurrer.
 
 (Pike
 
 v.
 
 Zadig, supra.)
 

 In opposition to this reasoning it may not properly be contended that the opening allegation of the complaint to the effect “that
 
 within
 
 four years last past next preceding the commencement of this action said defendant became indebted”, etc., is indicative of the fact that the original obligations were incurred within four years thus necessarily causing the acknowledgments thereof to have been made prior
 
 *694
 
 to the running of the two-year period of limitation on the original obligation, for the reason that it definitely appears that the first acknowledgment is dated “Feb. 14th, 1931” and the action was commenced February 15, 1935, more than four years thereafter. Obviously, if an acknowledgment of a debt was made more than four years prior to the commencement of the action, the debt itself could not have been incurred within four years of such commencement. This necessarily tends to disclose that the above-quoted allegation has reference to the new promises contained in or implied from the acknowledgments and definitely indicates that plaintiff and appellant is suing upon such new promises. In passing, and merely to preclude confusion, it should be stated that the first acknowledgment though bearing date more than four years prior to the commencement of the action contains an express promise to pay the amount therein acknowledged to be due on “March 1st, 1931”, which was less than four years prior to suit and the action thereon was therefore instituted within time.
 

 Nor do we think the statement in the first acknowledgment “for wages due to date” necessarily and exclusively implies that the debt for wages so acknowledged accrued immediately prior to such acknowledgment so as to cause the acknowledgment to have been made prior to the running of the two-year period on the original debt. Such statement is equally consistent with an accruing of said debt at a
 
 more
 
 distant period. But, be that as it may, the last-quoted expression does not appear in the remaining two acknowledgments of other and additional debts for wages owing to plaintiff’s assignor and the same are not subject thereto. A demurrer based on the statute of limitations may not properly be sustained if any part of the cause of action be not barred.
 
 (Etchas
 
 v.
 
 Orena,
 
 127 Cal. 588, 591 [60 Pac. 45].)
 

 In our treatment of this ease up to this point we have proceeded upon the theory that the complaint- does not on its face disclose that the acknowledgments were made prior to the running of the two-year statute upon the original obligations, so as to merely vitalize said original obligations for an additional two-year period, which would have expired prior to the commencement of this action, but rather that the complaint is equally consistent with the theory that the
 
 *695
 
 acknowledgments were made subsequent to the running of the statute so as to constitute new promises in writing as to which the period of limitation would be four years. However, even if we assume for present purposes that the complaint discloses that the acknowledgments were made prior to the running of the statute upon the original obligations, we still would be of the view that the demurrer was improperly sustained. In concluding that an acknowledgment or promise made while the original obligation is legally enforceable, constitutes a “continuing contract” which merely vitalizes the original debt for an additional period, defendant and the trial court failed to perceive that this result follows, under the authorities, only when the acknowledgment or promise is general and unconditional. If, however, an acknowledgment or promise, made while the original obligation is legally enforceable, “be not a general promise to pay the obligation according to its tenor and terms, but is a promise coupled with any condition, and an action is brought after the statute of limitations would have barred the remedy upon the original obligation, the action of plaintiff is then upon the substituted, conditional promise, and not upon the original obligation”.
 
 (Rodgers
 
 v.
 
 Byers,
 
 127 Cal. 528, 530 [60 Pac. 42];
 
 Morehouse
 
 v.
 
 Morehouse,
 
 140 Cal. 88, 92 [73 Pac. 738]
 
 ; Maurer
 
 v.
 
 Bernardo, supra,
 
 p. 294.)
 

 Therefore, regardless of whether made prior or subsequent to the running of the statute upon the original obligation, it definitely appears that the acknowledgment and express promise first above quoted, wherein on “Feb. 14th, 1931”, the defendant acknowledged his then indebtedness to plaintiff’s assignor for wages in the sum of $776.69, is not a general and unconditional promise but, on the contrary, is a qualified and conditional promise to pay, with interest, the debt then admittedly due, at a future date, to wit, “March 1st, 1931”. In effect, this constituted an offer to pay on condition of forbearance to sue which, when followed, as here, by an actual forbearance to sue, gave rise to a binding unilateral contract. This new and conditional promise, which thereafter ripened into a binding unilateral agreement, being in writing, is governed by the four-year period of limitation and the present action thereon was commenced within time. As already stated, if any part of the cause of action was not barred, it was improper to sustain a demurrer
 
 *696
 
 to the entire complaint based on the statute of limitations
 
 (supra).
 

 Moreover, and the complaint is devoid of anything to the contrary, the acknowledgments of March 4 and August 23, 1932, with their express promises for the payment of interest at the rate of 7 per cent from the dates thereof upon the respective additional amounts therein admitted to be due and owing to plaintiff’s assignor may well have been the result of understanding or agreement between the parties. In other words they may well represent settlement or compromise agreements between the parties and, a memorandum thereof being in writing, they are governed by the four-year period.
 

 What we have said sufficiently discloses the error of the trial court in sustaining the demurrer. We are of the opinion that it also effectively disposes of the additional point urged on behalf of the defendant and respondent to the effect that the judgment of dismissal was proper if for no other reason than that the plaintiff and appellant failed to furnish a bill of particulars, as required by court order made pursuant to defendant’s motion therefor. The defendant having in writing acknowledged and promised, either expressly or impliedly, to pay to plaintiff’s assignor with interest the three specific sums here sued for, as the result of an understanding or agreement of settlement or compromise, or otherwise, was not in a position to demand a bill of particulars. Defendant’s written admission and acknowledgment that the several items here sued on were due and owing to plaintiff’s assignor forecloses him from exercising the right of examining them by way of demanding a bill of particulars.
 
 (Henning
 
 v.
 
 Clark,
 
 46 Cal. App. 551, 555 [189 Pac. 714];
 
 Converse
 
 v.
 
 Scott,
 
 137 Cal. 239 [70 Pac. 13].)
 

 For the foregoing reasons, the judgment is reversed with directions to the trial court to proceed in accordance with the views herein expressed.
 

 Houser, J., Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Edmonds, J., concurred.