JONES *v.* MILLER *et al.**

. (*Nashville,* December Term, 1937.)

Opinion filed June 11, 1938.

J. M. CHAMBERLAIN, of LaFayette, for plaintiff in error.

---

*This case reprinted and annotated in 117 A. L. R. 222.

C. R. Jent, of LaFayette, and P. J. Anderson, of Gainesboro, for defendants in error.

Mr. Justice McKinney delivered the opinion of the Court.

S. F. Jones, as administrator *ad litem* of W. F. Miller, who died intestate on August 7, 1935, instituted this suit against Dan Miller, a son of his intestate, on a note; the defense being the Statute of Limitations, and the reply, a new promise within the time of the bar. The magistrate entered a judgment in favor of the plaintiff for $223.26, which, upon appeal to the circuit court, was affirmed, and the judgment of the latter court was affirmed by the Court of Appeals.

The due date of the note was January 1, 1929. There is no controversy as to the facts. Mrs. Marshall, a daughter of deceased, made her home with him up until his death. Sometime before that event deceased turned his papers over to Mrs. Marshall to keep for him. Thereafter and about two months prior to the death of deceased, Mrs. Marshall asked her brother Dan about his note running out of date, to which he replied "that note is good for the balance of this year" (1935). Two days after the death of Mr. Miller, and before an administrator was appointed, Dan stated to his sister, Mrs. Leath, "that he owed this note and I am going to pay it." Mr. Leath was present and corroborated the foregoing testimony of his wife. Eight days later, and after Dan had qualified as administrator, his brother Herman testified that he was present when Dan asked Mrs. Marshall for the papers of his father so that he could report to the county court, and said he would have to report his note

with others to said court. That on this occasion Dan said that "he would pay this note." The defendant, Dan Miller, offered no testimony in his behalf.

Under the title "Limitations of Actions," we quote from 37 C. J., 1136-1138, as follows:

"No acknowledgment of a debt not made to some person will interrupt the running of the statute. In some jurisdictions a promise or acknowledgment of a debt, although made to a stranger, is sufficient to take the debt out of the operation of the Statute of Limitations, especially in a jurisdiction where a statute providing that a written admission shall suffice does not impose any condition; and it seems to have been the rule at common law that a sufficient acknowledgment to bar the presumption of payment could be made to a stranger. The weight of authority is, however, that to take the debt out of the statute—particularly where the debt is already barred—the acknowledgment or promise must be made, not to a stranger, but to the creditor himself or to some one acting for him, or in privity with him, or to a party in interest, or to be communicated to the creditor, or made with reason to know that it would be communicated to and influence the creditor."

In *Thompson* v. *French,* 18 Tenn. (10 Yerg.), 452, it was held that a promise made to a stranger was sufficient; but in *Bachman* v. *Roller,* 68 Tenn. (9 Baxt.), 409, 40 Am. Rep., 97, the court adopted the more modern rule which provides that the new promise, after the remedy is barred, creates a new contract, and being a new contract, it follows as a logical sequence that it must be made between the parties in interest, and not between the defendant and an utter stranger. The promise made by the defendant two days after his father's death to his

sister, Mrs. Leath, and eight days later to Mrs. Marshall and Herman Miller, was made to parties in interest and not to strangers. Under subsection (1) of section 8389 of the Code, upon the death of Mr. W. F. Miller, the title to this note immediately vested in his children who were his distributees. *Lasseter* v. *Turner,* 9 Tenn. (1 Yerg.), 413.

██ ██ Mr. Williston in his work on Contracts (1936 ed.), section 189, p. 598, after stating that such a promise to an executor or administrator either before or subsequent to his appointment is good, says: "The same is true of a promise to one beneficially interested in the claim as inheritor, or distributee."

Says the Supreme Court of Pennsylvania in *Croman* v. *Stull,* 119 Pa., 91, 99, 12 A., 812, 814: "The rule that the promise must be made to the plaintiff or his agent means nothing more, however, than it must be made to a party in interest."

Upon the death of Mr. Miller the only persons to whom the debtor could make a binding promise to pay were to his distributees who were in privity with him as successors to this note. We have been cited to no authority holding a promise to a distributee invalid, and both upon principle and authority we think the conclusions of the other courts are sound. The substance of the authorities cited above are to the effect that such a promise to a stranger is not enforceable, but if made to a party in interest it is valid, and inures to others in the same class. In this particular case the promise was made by Dan Miller to his sisters, Mrs. Marshall and Mrs. Leath, and to his brother Herman. If there are other distributees, which does not appear from the record, it would seem that such promises to those named inured to all.

In *Clarke* v. *Hougam,* 2 B. & C., 149, 9 E. C. L., 73, 107 Reprint, 339, it was expressly held that a promise to one of a class made with respect to a matter that affects all is sufficient to take the demands of all out of the statute.

Likewise, a new promise made to one partner to pay a partnership debt inures to the benefit of all the partners. *Dixon* v. *Bartlett,* 176 Cal., 572, 169 P., 236.

For the reasons stated herein, the petition for writ of *certiorari* will be denied.