[Civ. No. 12042. Second Appellate District, Division Two.—February 17, 1939.]

C. HENRY PURDY, as Receiver, etc., Appellant, v. A. M. MAREE, Jr., Respondent.

Aaron Levinson for Appellant.

Eckman & Lindstrom, Ralph G. Lindstrom, Arthur W. Eckman and R. L. Moore for Respondent.

McCOMB, J.—From a judgment sustaining a demurrer to plaintiff's complaint without leave to amend, plaintiff appeals.

The essential facts alleged in the complaint are:

(1) On April 2, 1928, at Birmingham, Michigan, for the purpose of inducing the bank of which plaintiff is receiver to extend credit to Murphy, Rosborough and Maree, Inc., a corporation, defendant executed an agreement, which was substantially as follows:

Defendant, E. H. Murphy and A. J. Rosborough, in consideration of the extension of credit by the bank of which plaintiff is receiver to Murphy, Rosborough and Maree, Inc., jointly and severally guaranteed the payment to the bank of any indebtedness of Murphy, Rosborough and Maree, Inc., that remained unpaid, and that they would remain liable for any money loaned directly to the corporation by the bank to the amount of $7,500, and would be liable to the bank for a sum not exceeding $5,000 upon credit extended by the bank to the corporation as an endorser or guarantor of the obligations of others, together with interest thereon, whether the indebtedness of the corporation to the bank arose upon notes, acceptances, drafts, renewals, endorsements or other obligations. They further waived notice of the acceptance of the guaranty and of any and all indebtedness at any time covered by the same and of demand and notice of protest on all notes and other obligations representing any indebtedness.

(2) Thereafter the bank loaned money to said corporation aggregating the sum of $7,595, and prior to the time the statute of limitations had run (April 23, 1937) payment was made on the notes by the corporation.

These are the questions to be determined:

*First:* *Will payments by a principal obligor toll the statute of limitations as to his guarantor in a suit by the obligee upon the contract of guaranty against the guarantor, in the absence of a provision in the contract of guaranty that the statute of limitations is to be tolled as to the guarantor by such payments?*

*Second:* *Did the part payment by the principal obligor on its obligation prior to the time the statute of limitations had run upon the same create a new obligation for which the*

*guarantor was liable by the terms of his contract of guaranty, wherein he guaranteed among other indebtednesses of the principal obligor "other obligations" of the principal obligor?*

The first question must be answered in the negative. Though there is authority to the contrary, the clear weight of authority in the United States, and we believe the better law, is that a payment by a principal debtor will not operate to toll the statute of limitations as to a guarantor. (*Corbyn* v. *Brokmeyer,* 84 Mo. App. 649, 653; *Broadway Bank & Trust Co.* v. *Longley,* 116 Conn. 557 [165 Atl. 800, 802]; *Northwest Thresher Co.* v. *Dahltorp,* 104 Minn. 130 [116 N. W. 106]; *Wachovia Bank & T. Co.* v. *Clifton,* 203 N. C. 483 [166 S. E. 334, 84 A. L. R. 725, 729].) Since the guaranty in the present case was that defendant would be responsible for the indebtedness of the corporation to the bank arising "upon notes, acceptances, drafts, renewals, endorsements or other obligations", it is evident that there was no provision in the guaranty providing that a payment by the principal debtor would toll the statute of limitations as to defendant, a guarantor.

The second question must also be answered in the negative. The law is established in states such as Michigan, where part payment upon an obligation prior to the time the statute of limitations has run tolls the statute of limitations, that the effect of the part payment is to vitalize the old debt for another statutory period dating from the time of the part payment and an action to collect the debt is predicated upon the original obligation. No new obligation is created by the part payment upon which the obligee may predicate a cause of action. (37 Cor. Jur. (1925) 1171, sec. 651; 16 Cal. Jur. (1924) 595, sec. 192, note 16; 7 Cal. Jur. Ten-Year Supp. (1936) 644, sec. 192; *Dixon* v. *Bartlett,* 176 Cal. 572, 573 [169 Pac. 236]; *Maurer* v. *Bernardo,* 118 Cal. App. 290, 293 [5 Pac. (2d) 36]; *National C. Mfg. Co.* v. *San Diego C. Co.,* 9 Cal. App. 111, 113 [98 Pac. 64].)

Applying the foregoing rules to the instant case, since a new obligation was not created by the payment by the principal obligor, defendant is not liable because of his guaranty to pay "other obligations" of the bank.

It is conceded that, unless the part payment by the principal debtor on April 23, 1937, either tolled the statute of limitations as to the guarantor or created a new obligation, defendant's liability in California was barred by the stat-

ute of limitations on August 1, 1935. Therefore, since the present action was not filed until June 2, 1938, the trial court properly sustained the demurrer interposed by defendant without leave to amend.

For the foregoing reasons the judgment appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.