[Civ. No. 242.   Fourth Appellate District.—February 18, 1930.]

C. E. JOHANNSEN, Respondent, v. T. E. KLIPSTEIN et al., Appellants.

Homer Johnstone and E. F. Brittan for Appellants.

W. E. Simpson, Gallaher, Simpson & Hays; F. E. Borton and James Petrini, for Respondent.

BARNARD, J.—This is an action upon a promissory note, which with its indorsements, reads as follows:
"$9,500.00    Bakersfield, California, April 29, 1922.

"On or before July 1, 1922, after date, for value received, I, we, or either of us, promise to pay John V. Bock or order, at First National Bank of Bakersfield, in Bakersfield, California, the sum of Nine Thousand Five Hundred 00/100 Dollars, with interest at the rate of 7 per cent per annum from maturity until paid, interest payable . . . , and if not so paid to be compounded annually and bear the same rate of interest as the principal. . . .

"T. E. KLIPSTEIN,
"C. E. LUCAS,
"C. F. JOHNSON,
"CHAS. HABERKERN.

"Extended for 60 days.
"Pay to the order of Warren H. Stetson.
"Extended to April 10th, 1923, John B. Bock.

| "Date | Principal Paid | Balance due on Principal |
|---|---|---|
| "June 22 | 3000 | 6,500 |

"JOHN V. BOCK
"WARREN H. STETSON."

The defendants have appealed from a judgment in favor of the plaintiff, and through the failure of appellants to perfect a bill of exceptions, this appeal rests entirely upon an inspection of the judgment-roll.

■ The first point urged by appellants is that the complaint does not state facts sufficient to constitute a cause of action. This contention is based upon one paragraph of the complaint, reading as follows:

"That plaintiff is informed and believes and upon such information and belief alleges the fact to be that thereafter and prior to the commencement of this action, for valuable consideration, said note was duly sold, assigned, transferred and indorsed to the plaintiff herein, who is now the owner and holder thereof."

It is urged that this violates the rule laid down in *Hall v. James,* 79 Cal. App. 433 [249 Pac. 876], that one may not allege on information and belief facts which are peculiarly within his own knowledge, but unknown to the other party. This rule does not apply to such an allegation as the one in question. The note had been first assigned by the payee named therein to one Stetson, and the court found that it had been duly assigned and transferred to the plaintiff herein. While some of the facts in relation to these two transfers may have been within the knowledge of the plaintiff, it is by no means apparent that all of them were, and the regularity, validity and genuineness of each step therein, may have been believed by the plaintiff without being within his positive knowledge. In addition, the fact appears that the complaint was verified by one of the attorneys for plaintiff, and the complaint may have been thus worked because the attorney had no personal knowledge as to those particular facts.

■ It is next insisted that the conclusions and judgment are not supported by the findings. In this connection it is argued that the two indorsements on the note, extending the time of payment of the same, were material alterations which released the makers of the note from liability, since the findings did not show that such alterations were made with the consent of the makers. The court made the following finding:

"That it is not true that without the knowledge and consent, or knowledge and consent, of all, or any, of the parties who were the makers of said note, that said note was materially, or at all, altered by two indorsements thereon, one of which indorsements extended the time of payment of said note for a period of sixty days and the other indorse-

ment one which extended the time of payment of said note to the 10th day of April, 1923, . . . ''

It is urged that the court thus admits that the note was altered by the two indorsements, but finds that it is not true that these alterations were without the knowledge or consent of the makers, and then fails to find that the appellants ever gave their consent to said indorsements. This contention is without merit. Even if we assume that such indorsements constitute a material alteration, this becomes entirely immaterial if they were made with the knowledge and consent of the makers. ■ The court found all of the allegations in the complaint to be true. It also found all of the allegations of the answer to be untrue. This was sufficient to sustain the judgment. (*Fritz* v. *Mills,* 170 Cal. 449 [150 Pac. 375]; *County of Sutter* v. *McGriff,* 130 Cal. 124 [62 Pac. 412]; *Carr* v. *International Indemnity Co.,* 58 Cal. App. 617 [209 Pac. 83].) The answer alleged that without the knowledge or consent of all or any of the parties, said note was materially altered by the two indorsements in question, and that both of said indorsements were made without the knowledge, consent or approval of any of the makers of the note. In addition to the general findings that all of the allegations in the complaint are true, and all those in the answer are untrue, the court found on this particular matter as above quoted. The court thus made specific findings negativing the facts affirmatively alleged in the answer. As the court said in *Turner* v. *Turner,* 187 Cal., at 636 [203 Pac. 109, 111]:

'' . . . In answer to the first of these contentions it may be stated generally that a finding which is in identical language a negation of the allegation in the complaint is sufficient. (*Dam* v. *Zink,* 112 Cal. 91 [44 Pac. 331]; *McCarthy* v. *Brown,* 113 Cal. 15 [45 Pac. 14]; Hayne on New Trial and Appeal, Rev. Ed., sec. 242.) It should also be stated as a general rule that findings are to be construed so as to support the judgment. It was evidently the intention of the trial court in this case to make a finding against the plaintiff in the identical language of the complaint, except as such finding was attempted to be cast in the negative form.''

The intention of the court to find that the indorsements here in question were not made without the knowledge and

consent of the makers of the note, is too apparent to be questioned, and taking all of the findings together, it is equally apparent that the court has found that such indorsements were made with the knowledge and consent of the makers of the note. The important matter to be determined in this connection, is the question of consent on the part of the makers of the note, to the indorsements referred to. The defendants having alleged in their answer that they did not consent to the indorsements, and this allegation having been found by the court to be untrue, it becomes immaterial whether or not such indorsements constituted a material alteration within the meaning of section 3205 of the Civil Code.

■ The next point raised is that the judgment is contrary to the findings and conclusions. It is argued that the allowing of interest from July 1, 1922, is in fatal conflict with other findings to the effect that the indorsements were made with the consent of the makers of the note, for the reason that if these indorsements were made with the consent of the makers, the date of maturity of the note was thus postponed to April 10, 1923, and therefore interest could be allowed only from that date. It is admitted that $3,000 was paid on the principal of the note on June 22, 1923. The note on its face was payable on or before July 1, 1922, with interest at the rate of seven per cent from maturity, until paid. The note itself was a contract. The intention of the parties is to be gathered from the face of the instrument. There is an express agreement to pay on or before a certain date, and a provision that interest shall be payable from maturity. This was equivalent to saying that interest should be paid from July 1, 1922. That this was the intention of the parties and that they contemplated that interest should be paid during any extension is indicated by the provision on the face of the note, that it shall bear interest from maturity, until it is paid. The indorsements later made merely postponed the date on which payment might be enforced, but there is nothing to indicate any intention to relieve the makers from paying the interest which is provided on the face of the note, to be paid from the date of maturity until the time of payment.

■ It is further argued that since the judgment was for $8,170 and the conclusions of law, drawn from the findings,

were that the plaintiff was entitled to a judgment for $6,500 (the balance remaining unpaid on the principal sum), together with interest thereon at the rate of seven per cent from July 1, 1922, and for the sum of $343 attorney's fees, such a conflict appears that the judgment must be reversed. The claim is made that if the interest is correctly figured from April 10, 1923, to the date of the judgment, the amount will be less than the amount of the judgment actually given, whereas if the interest is correctly figured from July 1, 1922, the amount will be larger than the amount of the judgment actually entered. The court correctly found that interest was due from July 1, 1922, and the defendants cannot complain because by some erroneous computation the court has actually entered a judgment against them for slightly less than it should have been. (*Moore* v. *Borgfeldt*, 96 Cal. App. 306 [273 Pac. 1114].)

We are of the opinion that the judgment is not contrary to the findings, that it is fully supported by them, and that the complaint stated a cause of action. No reversible errors appear upon the face of the judgment-roll, and the judgment is therefore affirmed.

Sloane, P. J., and Marks, J., concurred.