**PACIFIC STATES CORPORATION v.
HALL et ux.**

No. 11527.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1948.

Rehearing Denied April 12, 1948.

George T. Goggin and Marvin Wellins, both of Los Angeles, Cal., for appellant.

C. P. Van Herzen, Edgar F. Hughes and David A. Sondel, all of Los Angeles, Cal., for appellees.

Before GARRECHT, MATHEWS and ORR, Circuit Judges.

ORR, Circuit Judge.

This is an appeal from a judgment in a bankruptcy proceeding brought under § 75, sub. s of the Bankruptcy Act, 11 U.S. C.A. § 203, sub. s. In 1927, appellees had title to 3,000 acres of ranch property in Leona Valley, Los Angeles County, California. Subsequently, title to said property was transferred to the Farm Home Builders Corporation, a corporation organized and wholly owned by appellees. On July 30, 1927, appellees acting through the Farm Home Builders Corporation, which the Conciliation Commissioner found to be their alter ego, borrowed $45,000 from the Pan American Bank of California. This indebtedness was evidenced by a five year promissory note providing for the payment of 7 per cent interest, compounded quarterly, "from date until paid", and was secured by a declaration of trust of which Pan American Bank was both trustee and benficiary. Two years later, when Pan American went in to liquidation, the Superintendent of Banks of the State of California, assumed control of the bank's assets and the original declaration of trust was superseded by a new trust wherein the Citizens National Trust and Savings Bank was named as trustee and Pan American as beneficiary. In 1939, appellant, the Pacific States Corporation, succeeded to the benefiical interest of Pan American in settlement of a claim of appellant against said Pan American. The instant litigation was commenced in the federal courts with the filing of a petition by appellees as farmers under § 75 of the Bankruptcy Act. Unable to secure a composition agreement, appellees petitioned for adjudication as bankrupts under § 75, sub. s and subsequently

filed a petition for a determination of the lien and encumbrance on the ranch property.

The Commissioner and the District Court concluded that in determining the extent of indebtedness, they were not bound by the express terms of the note inasmuch as said note was barred by the statute of limitations, and that appellants had waived their right to receive interest. Nonetheless, the Commissioner, acting on the principle that the appellees must do equity since they seek equity, held that appellees must pay petitioner the unpaid principal of the promissory note with 7 per cent interest until July 30, 1932 (the maturity date), 7 per cent simple interest until July 30, 1936 (the date on which the note was held to be barred by the California statute of limitations) but with no interest thereafter. This determination was upheld by the District Court as a proper exercise of discretion.

Appellant contended below, and here argues, that it is entitled to the contract rate of interest, namely, 7 per cent, compounded quarterly "from date until paid". It maintains that the indebtedness, barred by the statute of limitations, was revived by various acts of acknowledgment; and, further, that there was no evidence to support the trial court's finding of waiver.

On February 9, 1939, the declaration of trust was amended by an instrument in writing and was signed on behalf of Pan American Bank by John McFaul, Special Deputy Superintendent of Banks, and on behalf of Farm Builders by F. D. Hall, president. It was signed also by the Halls, individually. The amendment to the declaration of trust provides " * * * that in all other respects the said declaration of trust shall be and remain in full force and effect and be binding upon the respective parties hereto". The original declaration of trust provides: "The Farm Home Builders, Inc., are indebted to the Pan American Bank of California as evidenced by one certain promissory note, copy of which is attached hereto, marked 'Exhibit C' and made a part of this declaration of trust * * * ". Since this amendment was made and signed within four years of the commencement of the present litigation, appellants contend that the debt was thereby revived and was valid and subsisting at the time the bankruptcy proceeding was initiated.

■ Under the law of California, in order to prove that an indebtedness barred by the statute of limitations has been revived, it is only necessary to show a written acknowledgment by the debtor that indicates he treats the indebtedness as subsisting and as a debt he is willing and liable to pay. From such acknowledgment the law implies a promise to pay. Foristiere v. Alonge, 98 Cal.App. 563, 277 P. 367. In the instant case, appellees, in signing the amendment to the declaration of trust, agreed that in all other respects, the original declaration should be valid and subsisting and binding between the parties. The original declaration specifically incorporated the note into the declaration of trust and set out the indebtedness of the Farm Home Builders Corporation. Thus, the amendment of February 1939, by reason of the provision contained therein that the original declaration of trust should be in full force and effect, was an acknowledgment the debt was subsisting and would be paid, and was sufficient to revive the debt even though it had been barred by the statute of limitations.

■ Appellees challenge the validity of the amendment to the declaration of trust on three grounds. First, appellees claim that since the secretary of the Farm Home Builders Corporation did not sign the amendment on behalf of said corporation and since no seal appeared thereon, there is no presumption that the execution of the document was authorized by the directors, and no presumption that the president alone could bind the corporation. This argument is without merit since the document was signed by the Halls, who were president and vice-president of the corporation, and whom the trial court found to be the sole owners and alter ego of the corporation.

■ Second, appellees argue that the amendment was made and signed during the period when the corporation's powers

had been suspended by the state of California for non-payment of franchise taxes, under Act 8488 of the General Laws of California; and that, consequently, the corporation having no power to act, its attempted modification of its trust deed was void. Section 32(d) of Act 8488 provides as follows: "Every contract made in violation of this section is hereby declared to be voidable, at the instance of any party other than the taxpayer". In this case Farm Home Builders Corporation is the taxpayer.

■ Under the law of California when a written acknowledgment of a debt is made after the running of the statute of limitations, a new contract is brought into existence with the old obligation serving as the consideration for the new promise; Hayes v. O'Marr, 81 Cal.App. 210, 253 P. 749, thus, under § 32(d) of the aforesaid Act, the Farm Home Builders Corporation may not declare the contract voidable. Depner v. Joseph Zukin Blouses, 13 Cal. App.2d 124, 127, 56 P.2d 574.

■ Further, appellees argue that appellant cannot now rely on the validity of the amendment of February 1939 inasmuch as appellant repudiated the agreement by refusing to allow the sale of various lots at the reduced prices set forth in the amendment.

The fact is that both parties consistently relied upon the validity of the amendment. Appellees made payments in 1939 and 1940 under the amended declaration of trust and further based a claim for relief in an action instituted in a superior court of California on the validity of the amendment of February 1939. The appellees there contended that appellant, in refusing to allow the sale of the lots at reduced prices had breached and, in effect, repudiated, the agreement contained in the amendment to the declaration of trust. The District Court of Appeal determined, however, that on November 13, 1939, after the amendment had been drawn, appellees were in default for taxes and interest, and appellant's action did not constitute breach of contract. The very acts which the California court held to be justified are now claimed to constitute a repudiation of the agreement. Although the decision of the California court is not technically res judicata since the case was remanded to the lower court and judgment was never entered, nonetheless the decision of the California Court is persuasive. Hall v. Citizens Nat'l. Trust & Savings Bank, 53 Cal. 2d 625, 638, 128 P.2d 545.

The District Court, though premising its decision primarily on the running of the statute of limitations, held in the alternative that appellant had waived its right to interest regardless of the validity of the note.

■ The appellees rely on the fact that the statements issued by the Citizens Bank, then trustee, to appellees, did not list as due the interest here claimed, and such statements, the appellees claim, were accepted by them as correct. There is no evidence that appellees changed their position in any way in reliance on such statements, nor was any agreement concluded which absolved the debtor from his liability to pay interest. The mere fact that interest was not listed in the statements, either because of some oversight or because the indebtedness at that time appeared to be far greater than the creditor could reasonably expect to recover from appellees, does not constitute a waiver of the right to claim such interest. Thompson v. Gorner, 104 Cal. 168, 37 P. 900, 43 Am.St.Rep. 81. Appellees contend that consideration is not always a requisite for waiver, but it is generally held that where substantial rights are involved, a waiver must be supported by a consideration to be valid. 56 Am.Jur. § 16, p. 117. At any rate, waiver consists of a voluntary and intentional relinquishment of a known right; and to prove a case of implied waiver of a legal right, as appellees here attempt to do, there must be a clear, unequivocal and decisive act of the creditor showing a purpose to abandon or waive the legal right, or acts amounting to an estoppel on his part. 56 Am.Jur. § 17, p. 118; First Nat. Bank v. Maxwell, 123 Cal. 360, 55 P. 980, 69 Am.St.Rep 64; Johnson v. Kaeser, 196 Cal. 686, 239 P. 324. No such intent, or course of conduct on the part of appellant, appears.

Moreover, the Citizens Bank was not the creditor but only the trustee and it is questionable whether the trustee had the power to waive the beneficiary's rights under the contract. The appellees themselves maintain that "The Citizens Bank was not the creditor and was not capable itself of contracting with the Farm Builders, or any other person, in reference to the note. It had no power to extend or renew the note or alter its terms in any way * * *".

Appellees also claim that a waiver of interest was made by Mr. McFaul, the Banking Commissioner, inasmuch as he offered to settle the entire indebtedness on payment of the sum of $15,000, which sum was less even than the principal amount due. An unaccepted offer to compromise an indebtedness should not be considered to be a waiver of the right to receive the entire sum due. No agreement was ever executed, nor was there any consideration given for such offer. In fact no sum was paid by appellees in settlement, and no satisfaction of the debt occurred.

The trust instrument itself provides that the acceptance of any sums shall not operate as a waiver of the right to insist upon the payment when due of all other sums secured thereby, and the amendment of February 1939 in no way altered the amount of the original obligations.

The note for the original $45,000 indebtedness provided for the payment of the principal on or before five years after date "with interest from date until paid, at the rate of seven per cent per annum, payable quarterly, in advance". The note further provided that unpaid interest should bear interest at the same rate. Appellees contend that "until paid" should be read as "until maturity". With this we cannot agree. The intention of the parties must be gathered from the face of the contract and where, as here, there is an express provision requiring a certain rate of interest until the principal is paid, the contract must be so enforced. Bell v. San Francisco Savings Union, 153 Cal. 64, 94 P. 225; Johannsen v. Klipstein, 104 Cal. App. 128, 284 P. 1047.

Appellant contends interest should be allowed subsequent to the filing of the petition in bankruptcy. As a general principle, in bankruptcy and equity receiverships, interest on the debtor's obligations ceases to accrue at the commencement of the proceedings, Thomas v. Western Car Co., 149 U.S. 95, 13 S.Ct. 824, 37 L.Ed. 663. Appellant insists, however, that equitable principles may be invoked to award interest to a secured creditor subsequent to the filing of a petition in bankruptcy where the value of the security is in excess of the principal and interest due, and where such award will not be unfair to subordinate creditors. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 167 S.Ct. 237. From the record before us, the value of the security and the relative equities between the secured creditor and the subordinate creditors cannot be determined. Appellant makes reference to the Reporter's Transcript. That document is not properly before us.

Appellant is entitled to the principal sum due, plus seven per cent interest compounded quarterly, including interest on unpaid interest, until December 9, 1942, the date of the filing of the petition, but with no interest thereafter.

The judgment of the District Court is reversed and the cause remanded with directions to the District Court to enter judgment in accordance with the views expressed in this opinion.