**GAFFNEY et al.**

v.

**UNIT CRANE & SHOVEL CORP. et al.**

**Civ. A. No. 14911.**

United States District Court
E. D. Pennsylvania.

Dec. 30, 1953.

Horace N. Lombardi, Philadelphia, Pa., for plaintiffs.

Rawle & Henderson, Philadelphia, Pa., for defendant Unit Crane & Shovel Corp.

FOLLMER, District Judge.

The defendant, Unit Crane and Shovel Corporation (referred to as "Unit Crane"), is a Delaware corporation with its principal office in Wisconsin. The plaintiffs, trading as Counties Compressor Co., are citizens of Pennsylvania. Horace N. Lombardi, the General Manager of Counties Compressor Co. (and a brother of the plaintiffs), is also a member of Joseph Lombardi & Sons. During 1947 and 1948 Joseph Lombardi & Sons purchased truck cranes and other equipment on direct negotiations with Unit Crane. The last crane so purchased was shipped September 9, 1948, and arrived in Philadelphia September 20, 1948. On October 8, 1948, Unit Crane entered into a "Dealer's Sales and Service Agreement" with Stewart Equipment Company, a Pennsylvania corporation with its principal place of business at Philadelphia, Pennsylvania, granting Stewart Equipment Company, as an independent dealer, certain portions of Pennsylvania and New Jersey as an exclusive territory for the sale of Unit Crane products. On October 8, 1949, Horace N. Lombardi by letter inquired of Unit Crane about a "backhoe" attachment for Model 1020 and 1020A truck cranes. Unit Crane by letter dated October 14, 1949, addressed to Joseph Lombardi & Sons, attention Horace N. Lombardi, answered the inquiry and stated, inter alia, "You un-

doubtedly know that we are represented exclusively by the Stewart Equipment Co., operating out of Philadelphia, and we are making arrangements to have Mr. Len Moffit, who is the Manager of the Philadelphia office, contact you immediately with reference to the 1020 attachment." Thereafter negotiations for the purchase of equipment was had with employees of Stewart Equipment Company and in April and August 1950 three cranes were purchased from Stewart Equipment Company by Counties Compressor Co. One of those so purchased in August 1950 is the subject of this litigation, and all of the said purchases were invoiced on billheads of Stewart Equipment Company and payment was made to it.

Plaintiffs seek to serve Unit Crane with process by serving Stewart Equipment Company as its agent on the theory of estoppel predicated upon the letter of October 14, 1949. Unit Crane is not doing business in Pennsylvania, and is not registered in Pennsylvania. Under its contract it sells to Stewart Equipment Company, an independent dealer-distributor. It is not subject to service of process in Pennsylvania.

■■ Did Unit Crane waive its immunity or (assuming that immunity from service of process could be thus lost) was there an implied waiver on the basis of estoppel? Waiver is the intentional relinquishment of a known right.[1] Certainly there is no basis for finding that Unit Crane intentionally relinquished its immunity from service of process in Pennsylvania. To prove a case of implied waiver of a legal right, as plaintiffs here attempt to do, there must be a clear, unequivocal and decisive act of Unit Crane showing a purpose to abandon or waive the legal right, or acts amounting to estoppel on its part, Pacific States Corporation v. Hall, 9 Cir., 166 F.2d 668, 671; Miravalle

Supply Co., Inc. v. El Campo Rice Mill. Co., 8 Cir., 181 F.2d 679, 685. In Globe Indemnity Co. v. Cohen, 3 Cir., 106 F.2d 687, 691, the Court of Appeals of this Circuit said:

"* * * Estoppel and waiver are closely allied, the more strict authorities adhering to the view that estoppel requires legal consideration to support it. Estoppel may be described as an intentional relinquishment of a known right by a party for a consideration. Waiver may be defined by omitting the last three words of the preceding sentence. * * *"[2]

When Unit Crane wrote the letter of October 14, 1949, to Joseph Lombardi & Son in reply to the inquiry concerning a "backhoe" attachment, it was quite clearly intended to inform the recipient that it was no longer selling direct and that future purchases would have to be made from Stewart Equipment Company. Service of process in a lawsuit was not, of course, contemplated. If consideration be an essential, it is difficult to find any here. But aside from the question of consideration, the language of the letter of October 14, 1949, clearly does not meet the requirement of a clear unequivocal and decisive act indicating a purpose of waiving immunity to service of process. As pointed out in 77 C.J.S., Representative, page 261,

"The noun 'representative,' which is often used in the plural, is an uncertain term, and it has been said that it may mean almost anything. It has no technical significance in law, and its meaning varies in accordance with different contexts.

"In a broad sense, the word is defined as meaning that which represents anything.

"In a more restricted sense, it means a person or thing that represents, or stands for, a number or

---

1. Miravalle Supply Co., Inc. v. El Campo Rice Mill. Co., 8 Cir., 181 F.2d 679, 685; Pacific States Corporation v. Hall, 9 Cir., 166 F.2d 668, 671 (voluntary and intentional); St. Louis Fire & Marine Ins.

Co. v. Witney, D.C.M.D.Pa., 96 F.Supp. 555, 564 (voluntary).

2. See also St. Louis Fire & Marine Ins. Co. v. Witney supra.

class of persons or things, or that in some way corresponds to, stands for, *replaces*, or is equivalent to, another person or thing; * * *." (Emphasis supplied.)

The loose language "exclusively represented" as used in the correspondence here involved, considered in the setting in which it appears, does not justify invoking the doctrine of estoppel. What occurred did not constitute a surrender by Unit Crane of its privilege respecting place of suit or service of process.[3]

Unit Crane's motion to set aside service of process must be granted.

---

**3.** Cf. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167.