The Honorable Morril HarrimanState Senate
The Honorable Jodie MahonyState Senate
The Honorable Jim LukerState House of Representatives
Gentlemen:
This is in response to your request for an opinion revisiting the issue discussed in Op. Att'y Gen. 97-341. That opinion involved the question of whether a local school superintendent was eligible to serve as the school district representative on the board of a regional educational service cooperative. I opined that the relevant legislation was "unambiguous," and that it did not contemplate the service of a superintendent on the cooperative board, but rather, required the service of a local school board member.
You have now requested that I revisit the issue, and have asked that I look at the legislative history, as well as other Arkansas Code sections in which similar language is employed. You have enclosed two memorandums, one discussing these other Code sections, and one summarizing the recollections of legislators and others involved in the crafting of the bill which led to the statute at issue.
I have reviewed all the relevant materials, and have undertaken, to the extent of my resources, a fairly exhaustive search for any relevant evidence of legislative intent. I have found nothing which in my judgment is absolutely conclusive of the question posed. It does appear, at the least, however, from a review of the legislative history, that the language of the statute is not as "unambiguous" as I first concluded. If the language of a statute is ambiguous, a court will engage in a search for the legislative intent. In such case, a court will consider the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that throw light on the subject. In my opinion the issue can be definitively resolved only by a court faced with the issue or by legislative clarification at the next appropriate session of the legislature.
The relevant statutory language states that the boards of educational service cooperatives "shall be governed by a board of directors consisting of one (1) representative of each school district board of directors within the boundary of the cooperative." In Opinion 97-341, I concluded that the language "one (1) representative of each schooldistrict board of directors" indicated that the representative was to be a member of the board of directors. I noted that had the legislature intended any representative it could merely have specified the inclusion of "one representative of each school district." Op. Att'y Gen. 97-341 at 2.
Upon further review, however, the language of the statute in this respect, as codified by the Arkansas Code Revision Commission, differs slightly from the original act, which stated that each cooperative "shall be governed by a board of directors consisting of one (1) representative of each local school board within the boundaries of the cooperative."See Act 349 of 1985, Section 10.[1] The change in language made by the compilers is not dramatic, but in my opinion makes my original conclusion as to the construction of the language less compelling.
There is one other reference in the 1985 enactment which might be of help in shedding light on the legislative intent. Section 6-13-1004 of the Arkansas Code provides for the creation of cooperatives by resolution of the various school boards. Subsection (b) states that: "[e]ach resolution shall, in addition to requesting establishment of an education service cooperative, indicate by name or position that district's representative
on the board of directors of the proposed education service cooperation." (Emphasis added.) The use of the word "position" in denoting the district's representative, is not clear evidence of legislative intent, however, because it could have been used to refer to a school board director's position number (e.g., school board director, position 1), or to the title or "position" of an official with the school district (e.g., superintendent).
In one of the memorandums enclosed with your request, much emphasis is placed on the construction of the words "representative of," and the distinction between these words and the words "representative from" or "member of." It is argued that in many cases the term "representative of" is used to denote simply an individual selected to represent the designated group, and that it does not necessarily connote a member of the affected group, or someone who possesses all the characteristics of the affected group. The term is defined in at least one Arkansas case as "mean[ing] in law one who represents or stands in the place of another."State Fair Association v. Townsend, 69 Ark. 215, 63 S.W. 65 (1901). It has also been stated that the word means a person or thing that represents, or stands for, a number or class of persons or things, or that in some way corresponds to, stands for, replaces, or is equivalent to, another person or thing. See Gaffney v. Unit Crane Shovel Corp.,117 F. Supp. 490, 491 (D.C. Pa. 1953).
It appears from a dictionary definition of the word that it has at least two distinct meanings, and this may be at the crux of the problem regarding construction of the word. The first two definitions given for the word by the American Heritage Dictionary are with reference to its use as a noun, and are as follows: 1) "One that serves as an example or type for others of the same classification," and 2) "One that serves as a delegate or agent for another." In the relevant statute (A.C.A. §6-13-1006(a)), the word "representative" is used as a noun (i.e., "one representative of the school district board of directors.") Under the first listed definition above, a superintendent would not be a "representative" of the school board of directors. He or she is not an example of, or within the same classification as a school board member. A superintendent could, however, come within the second meaning of the word, which simply implies an agency relationship. I have found no tangible evidence of legislative intent as to which of these meanings was intended by the General Assembly.[2]
This being the case, only a court faced with the question or the legislature, in itself revisiting the statute, can resolve the question. I cannot state, after a more thorough review of the legislative history, that a clear prohibition exists against the service of a school superintendent on the cooperative board. In my opinion the question is not as clear as I indicated in Opinion 97-341, and to that extent, that opinion is amended by the conclusions herein.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This language is similar to that employed in what appears to be a similar precursor act. In Act 860 of 1981, which authorized the creation of local cooperatives, it was provided that each cooperative "will be governed by a board of directors consisting of one representative of theschool board of each cooperating school district." See Acts1981, No. 860, Section 5. (Emphasis added.) See also A.C.A. § 6-13-905
(Repl. 1993).
[2] I have reviewed with interest the statements of legislators and others detailed in the memorandum enclosed with your request. I must conclude, however, that these statements, under controlling Arkansas case law, would be clearly inadmissible by a court for the purposes of determining legislative intent. See Board of Trustees for City of LittleRock, Ark. Police Pension Fund v. City of Little Rock, 295 Ark. 585,750 S.W.2d 950 (1988).